THE PRESIDENT, &C. OF THE FITCHBURG BANK *vs.* THOMAS GREENWOOD & another.

An indorser of a promissory note may limit his liability by adding to his name the words " without recourse," at the time he indorses the note; and if he has done so, parol evidence of the fact is admissible, although the note was afterwards indorsed by another person, and the indorsee took it without knowing that the limitation was applicable to the first indorser.

CONTRACT upon a promissory note payable to the order of Greenwood & Nichols, the defendants, in six months from date, and indorsed by them.   The answer admitted the indorsement,

but alleged that it was limited and qualified by the words " without recourse."

At the trial in the superior court, the note was produced, and bore upon its back, in three successive lines, the following indorsements : " Greenwood & Nichols — without recourse — Asa Perley 2d." The defendants offered parol evidence to show that the words " without recourse " were written by them when they indorsed the note ; but stated, in reply to a question by the court, that they did not expect to be able to prove that the plaintiffs knew this fact. *Russell,* J. ruled that this evidence would not constitute a defence, and a verdict was returned for the plaintiffs. The defendants alleged exceptions.

*C. H. B. Snow,* for the defendants.

*N. Wood,* for the plaintiffs.

BIGELOW, C. J. The evidence which was rejected by the court was clearly competent. It had no tendency to vary or control the written contract, or to change the legal effect of the indorsement. It only proved what the contract really was, at the time it was entered into by the defendants. The evidence offered was similar to that often introduced in analogous cases, to show that a party put his name on the back of the note at its inception and before its indorsement by the payee, and so is chargeable as a joint and several promisor in like manner as if he had signed his name at the bottom of the note.

There is no rule of law which requires a party to limit or qualify his indorsement by any writing preceding his signature. Such qualification may and often does follow the name of the party. Text writers of approved authority recognize this mode of limiting the liability of an indorser as regular and appropriate. Chit. Bills, (10th Amer. ed.) 234, 235. Story on Notes, § 138 and note. Byles on Bills, 110.

The misapprehension at the trial of this case seems to have arisen from an idea that the evidence was offered for the purpose of affecting a note in the hands of *bona fide* holders with a different signification from that which it purported to have, when they received it. But such was not the object or effect of the evidence. The holder of a note has a right to insist on the

exact contract into which the parties to it have entered. They cannot vary or control its express words or its legal effect by parol evidence. A blank indorsement by the payee or subsequent indorser cannot be limited or changed by any proof tending to show that it was put on a note for a special purpose, and was not intended to bind the party by the ordinary liability of an indorser. Its effect is the same as if the contract had been written out in full to pay the note on due demand of the maker and notice to the indorser. But the attempt in this case is not merely to hold the defendants on a contract according to its meaning and legal effect, but to fasten on them a contract into which they never entered. If the plaintiffs mistook the application of the words which were written for the purpose of qualifying the indorsement of the defendants on the note, this fact furnishes no ground for enlarging or changing their liability on the contract into which they in fact entered. The plaintiffs might as well maintain that the defendants were liable for a larger sum than the note was originally given for, because the words in which the amount of the note was expressed were obscurely written, and were inadvertently misread by them.

*Exceptions sustained.*