CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
Sec. 14, chap. 22, General Statutes, which provides “that every person who shall sign his name upon the back of a promissory note shall be deemed and treated as assignor as to the party holding it, unless in writing a different purpose be expressed; or the note can be legally placed on the footing of a bill of exchange,” must be held to be a repeal of the second section of the act of January 24, 1866. (Myers’s Supplement, 741.)
The note sued on in this ease is the promissory note of the payor Eichorn. The fact that the appellees, Obst and Kollross, signed their names across the back of it did not make them the technical sureties of the payor. By the terms of the statute quoted the payee must treat them as assignors in case he desires to hold them bound in any way. They did not express in writing their intention to become sureties for the payor, and the averment in .the amended petition that they *268 were “in fact and reality mere sureties” was properly disregarded by the court below.
Having the right to be treated as assignors, the appellees may demand that as a condition precedent to their liability the payor of the note shall be prosecuted with legal diligence to insolvency. In no other event are they bound to make good to the holder the consideration 'that may have passed from the payee to the payor.
The fact that the note might have been negotiated at one of the chartered banks of this commonwealth or at a national bank located in this state, and thereby placed on the footing of a bill of exchange, does not take it out of the operations of the statute. The holder of the note did not negotiate it, and at the time of the institution of this action it could not have been placed on the footing of a bill of" exchange.
As the appellees were sued jointly with the payor of the note, and before he had been duly prosecuted to insolvency, the petition as to them was properly dismissed.
Judgment affirmed.