## First National Bank v. Bickel, et al.

(Decided May 23, 1911.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Bills and Notes—Negotiable Instrument Act—Release of Endorser—Under the Negotiable Instrument Act the endorser is released unless notified of the non-payment of the note at maturity. The petition must show notice was given or excuse its not being given.

2. Same—Effect of Contract—Parol Evidence—Liability of Endorser. Persons endorsing a note before delivery are liable only as endorsers unless they in the endorsement specify otherwise; and parol evidence may not be received to give their contract a different effect.

3. Corporations—Endorsement by Directors—When the directors or stockholders of a corporation endorse its note before delivery, and the proceeds are paid to it, the note is not made for their accommodation.

HELM & HELM for appellant.

R. F. WASHER, N. L. GOLDSMITH, W. PRATT DALE, HENRY W. SANDERS, FLEXNER & CAMPBELL and CHAS. H. SHIELD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

The following note was executed to the First National Bank of Louisville:

"Louisville, Ky., May 29, 1907.

"Sixty days after date I promise to pay to the order of the First National Bank of Louisville, five thousand dollars, value received, negotiable and payable at the office of the National Bank of Kentucky. * * *

"WHITE CITY COMPANY,
"By C. C. BICKEL, President."

On the back of the note when it was delivered to the bank appeared the following signatures:

"C. C. Bickel, I. Frost, J. B. Ohligschlager, W. H. Labb, Richard D. Bakrow, J. M. Sharp, Emanuel Bakrow and L. Simons."

The note was not paid at maturity and this suit was brought against the above-named parties who had placed their names on the back of it. There was no allegation in the petition of notice to the endorsers of the non-payment of the note at maturity. The defendants demurred to the petition, and the court sustained the demurrer. The plaintiff then filed an amended petition. The defendants demurred to it. The court sustained the demurrer, and the plaintiff failing to plead further, dismissed the action. The plaintiff appeals.

Section 63 of the Negotiable Instrument act is as follows:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

Section 89 is as follows:

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given to the drawer and to each endorser and any drawer or endorser to whom such notice is not given is discharged."

The defendants placed their names upon the paper before its delivery to the bank, and otherwise than as maker, drawer or acceptor, and they did not indicate by appropriate words any intention to be bound in any other capacity than as endorser. As no notice of the dishonor of the note was given them, nothing else appearing they were discharged. This precise question was before us in Mechanics and Farmers Savings Bank

v. Katterjohn, 137 Ky., 427, and we there held that the endorser was released if notice of dishonor was not given. There being no allegation in the petition that notice of dishonor was given the endorsers, and no facts being alleged to excuse the want of notice, the circuit court did not err in sustaining the demurrer to the original petition. The amended petition is in these words:

"Comes the plaintiff, First National Bank, and by leave of court amends its petition and states that the defendant, the White City Company, is a corporation organized for the purpose of conducting a summer amusement park; that at the time of the making of the note and the creation of the debt sued on herein, said company was largely in debt, in a much greater sum than the value of all its property, and had then mortgaged its property for at least fifty per cent. above the value of the same, and was totally without credit and was greatly in need of money in order to further carry on the enterprise for which it was organized, without which money, instant failure and collapse of the enterprise was certain. That the defendants, C. C. Bickel, I. Frost, J. B. Ohligschlager, W. H. Labb, R. D. Bakrow, J. M. Sharp, E. Bakrow and L. Simons, were at the time of the making of said note stockholders and directors in said corporation, and directly and personally interested in its financial success; that in order to further the purpose of said corporation, and their own personal interests as stockholders therein, they sought to borrow the sum of five thousand dollars from plaintiff, and agreed to give therefor the note of the said company and to sign said note as sureties thereon; that plaintiff agreed to lend said sum upon the condition that said defendants would sign a note as sureties for the sum of $5,000, with interest at the rate of six per cent. from date, and that in pursuance of said agreement the note sued on herein was given and signed by defendants. The credit was given alone to said defendants, and at their request the proceeds were paid to the White City Company.

"Plaintiff further says that each of the defendants herein, C. C. Bickel, I. Frost, J. B. Ohligschlager, W. H. Labb, R. D. Bakrow, J. M. Sharp, E. Bakrow and L. Simons signed said note as surety before its delivery to plaintiff the payee therein; that although their names appear thereon where endorsers usually sign, the agree-

ment, understanding and intention of the parties at the time of the making of said note were that each of the defendants so signing on the bank of said note should be liable thereon as surety for the payment thereof; that the principal on said note, the White City Company, and each of the other defendants herein, were equally and mutually interested in the purpose for which said money was borrowed, and for which said note was given, and that each of the defendants herein is primarily liable thereon.''

It is earnestly insisted for the plaintiff that parol evidence may be received to show what the contract between the parties really was and we are referred to not a few authorities sustaining this view. But these are decisions made before the adoption of our present statute. To remedy the uncertainty and prevent the litigation resulting from the introduction of parol evidence in this class of cases, the Legislature of this State some years ago adopted the following statute:

''Every person who shall sign his name upon the back of a promissory note shall be deemed and treated as an assignor as to the party holding it, unless, in writing, a different purpose be expressed; or the note can be legally placed on the footing of a bill of exchange.'' (Ky. St., Sec., 481.)

In Kellogg v. Dunn, 12 Bush, 266, it was held under this act that parol evidence could not be heard to enlarge the liability of the persons signing their names on the back of the note unless in writing a different purpose was expressed. Similar statutes were passed in a number of other States and the Negotiable Instrument Act was evidently intended to express the same idea. Under it a person who places his signature upon an instrument other than as maker, drawer or acceptor is deemed to be an endorser unless he clearly indicate by appropriate words in the endorsement his intention to be bound in some other capacity. Section 63 is to be read in connection with section 31, which is as follows:

''The endorsement must be written on the instrument or upon a paper attached thereto. The signature of the endorser, without additional words, is a sufficient endorsement.''

The purpose of the statute is to exclude parol evidence, and to make the written instrument control the

rights of the parties. The statute fixing the legal effect of the instrument, parol evidence may not be received to give it a different effect. (See Rockfield v. First National Bank, 77 Ohio St. Rep., 311; Baumeister v. Kuntz, 53 Fla., 340; Nimmel v. Weil, 95 Ill. App., 19; Deahy v. Choquet, 28 R. I., 340; Farquhar v. Highan, 16 N. Dak., 106; Toole v. Crafts, 193 Mass., 110; Peck v. Eastern, 74 Conn., 456; Gibbs v. Guaraglia, 75 N. J. Law, 168; Perry Co. v. Taylor Bros., 148 N. C., 362.)

It may be shown by parol evidence under section 64, of the Negotiable Instrument Act, whether a person is an accommodation endorser or not, and it may be shown under section 68 as between endorsers what their liability is. But the purpose of both these provisions is merely to determine the liability of the endorsers between themselves. In other words, the purpose of these provisions is simply to allow parol evidence to show whose debt it is that the real debtor may be required as between the debtors themselves to discharge his own debt rather than one who is secondarily liable for it. But this principle can not be extended so as to impose upon the endorser a different obligation than the law ascribes to the writing which he executes. We, therefore, conclude that the facts alleged in the amended petition are not sufficient to charge the defendants in any other capacity than as endorsers of the note.

Section 115, of the Negotiable Instrument Act, among other things, provides:

"Notice of dishonor is not required to be given to an endorser * * * where the instrument was made or accepted for his accommodation."

The parties to a negotiable instrument are either accommodated or accommodating. Accommodating parties are thus defined by section 29:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or endorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwith-standing such holder at the time of taking the instrument knew him to be only an accommodation party."

Reading section 115 with section 29 we think it means that the endorser for whose accommodation the instru, ment was made or accepted is one who receives value

therefor, and not one who signs it simply for the purpose of lending his name to some other person. In the case at bar, the White City Company received the proceeds of the note; the endorsers received no part of the proceeds and the note was made no more for their accommodation than it is in every case of a note made by a corporation and endorsed by its stockholders. The endorsers received nothing of the proceeds of the note; and, stripped of circumlocution, the petition simply charges that the money was lent to the White City Company upon the credit of the endorsers, and at their request. The note was not made for their accommodation within the meaning of the act. McDonald v. Luckenbach, 95 C. C. A., 604. A different conclusion was reached in Mercantile Bank v. Busby, 113 S. W., 390. But the case seems really to have gone off on another point, and we can not concur in this part of the opinion.

Judgment affirmed.