## Goolrick, et al. v. Wallace, et al.

(Decided June 20, 1913.

### Appeal from Shelby Circuit Court.

Evidence—Bills and Notes—Endorsers—Parol Evidence.—Where a note is endorsed by two persons and the words "without recourse" are added to such endorsement and occupy such position with reference thereto that ambiguity arises as to which of said endorsements they are intended to apply, parol evidence is admissible to show to which endorsement such words are applicable.

ELLERBE CARTER, DAYTON T. MITCHELL for appellants.

WILLIS, TODD & BOND and P. J. BEARD for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Ralph Izzard executed and delivered his promissory note for $3,405, of date June 8, 1910, payable to the order of Hart Wallace, at the Citizens Bank of Shelbyville, Ky., twelve months thereafter. Wallace endorsed and delivered the note to said bank for collection. Before its maturity, the payee of said note caused it to be endorsed by the bank "without recourse," sold and delivered it to C. O. Goolrick, F. M. Chichester and R. H. L. Chichester, and they are now the holders thereof. Because of its non-payment at maturity, the note was duly protested.

Thereafter, the holders of said note brought suit in equity in the Shelby Circuit Court against Hart Wallace, Nellie B. Wallace and the Citizens Bank of Shelbyville, Ky., to recover the amount of said note from Hart Wallace as endorser thereof and to subject to its payment the interest of said Wallace in certain real estate alleged to have been theretofore conveyed, in fraud of plaintiffs' rights, by Wallace to his wife, Nellie B. Wallace, and by her and her husband mortgaged to said bank; which mortgage it is asserted was fraudulent and preferential. Said note is endorsed as follows:

—Pay—
Any Bank or Banker,
or order
Citizens Bank
Shelbyville, Ky.
J. C. Burnett, Cashier.
"Without Recourse"
"Hart Wallace"

The defendant, Hart Wallace, filed an answer in five paragraphs. The first paragraph is a traverse; the second, an affirmative plea that he assigned the note without recourse; the third, before plaintiffs became the owners of the note, they, for value, agreed with defendant that his endorsement should be without recourse, and they took the

note with that understanding and agreement; fourth, that the words, "without recourse" written on the back of said note were intended and understood by him and plaintiffs, before they acquired same, to be an assignment of the note by him without recourse, and if such endorsement did not, in the manner in which it was made, effectuate the intention of the parties, the instrument should be reformed so as to express the true and real agreement; and fifth, that the maker of the note was the real party plaintiff, that he and the plaintiffs reside in the same county in the State of Virginia, that he had indemnified plaintiffs against loss on account of said note, and a conspiracy existed between plaintiffs and the maker whereby plaintiffs should recover of the defendant as endorser and he would then be forced to sue the maker of the note in the courts of the latter's residence, who would in such action assert a pretended set-off or counterclaim.

Nellie B. Wallace answered denying the allegations of fraud in connection with the transfer of said real estate by her husband to her, and in connection with its mortgage by them to the Citizens Bank, and in a second paragraph set out in detail the facts connected with each of said transactions. The Citizens Bank filed its answer in which it detailed the facts connected with the endorsement of said note by it and its co-defendant, Hart Wallace, and its sale and delivery to the plaintiffs. It also denied that there was either fraud or preference in the execution of the mortgage to it by Nellie B. Wallace and Hart Wallace. A reply to the several answers, controverting the allegations thereof, completed the issue. Proof was heard and upon submission of the case, the chancellor was of opinion that the evidence supported the plea that Hart Wallace had endorsed said note without recourse, and entered judgment dismissing the petition. Plaintiffs appeal.

The single question to be determined upon this appeal is the extent of the liability incurred by appellee, Hart Wallace, by endorsing the note in question. He admits endorsing the note, and if parol evidence may be considered for the purpose of determining the character of his endorsement, his claim that it was without recourse is fully supported and justified. Section 33 of the negotiable instruments act, which is chapter 90-b, Kentucky Statutes, provides: "An endorsement may be

either in blank or special, and it may also be either restrictive, or qualified, or conditional." Section 38 provides: "A qualified endorsement constitutes the endorser a mere assignor of the title to the instrument. It may be made by adding to the endorser's signature the words "without recourse" or any words of similar import. Such endorsement does not impair the negotiable character of the instrument."

If there appeared on the back of the note in question merely the signature of Hart Wallace, coupled with the words "without recourse," there would be no question that his was a qualified endorsement, and the holder of the note would have to look to the maker for payment. There also appears on the note the endorsement of the bank, and the words "without recourse" appear between the name of Hart Wallace and that of the bank. From their location, it might be fairly inferred that it was the intention of the person writing the words "without recourse" upon said note that they should apply to and limit the liability of the bank, but such inference is justified only by reason of the fact that the words "without recourse" are written above and parallel with the endorsement of the bank. The statute, however, provides that the endorsement may be qualified by adding to the endorser's signature "without recourse," or words of similar import. Strictly speaking, these words could not appear above the signature whose endorsement they were intended to qualify, but we do not feel that the statute should be given so narrow a construction and hold that the qualifying words should limit the liability of that endorsement to which they were intended to be applied when placed upon the instrument. If both of the endorsements had appeared upon the note above the words "without recourse" we would unhesitatingly hold that they applied to and limited the last endorsement; but, whereas, in the present case, it is impossible to tell, from the location of the qualifying words with reference to the endorsements upon the paper, to which endorsement they apply, the ends of justice require that oral evidence should be introduced to establish this fact. We, accordingly, hold that the court did not err in receiving oral evidence in order to determine whether or not the words "without recourse" applied to the endorsement of Hart Wallace or that of the bank.

This is an enunciation of no new principle, for in the recent case of First National Bank v. Bickel, 143

Ky., 754, after holding that the purpose of the statute under consideration was to exclude parol evidence and to make the written instrument control the rights of the parties, this court said:

"It may be shown by parol evidence under section 64, of the Negotiable Instrument Act, whether a person is an accommodation endorser or not, and it may be shown under section 68 as between endorsers what their liability is. But the purpose of both these provisions is merely to determine the liability of the endorsers between themselves. In other words, the purpose of these provisions is simply to allow parol evidence to show whose debt it is that the real debtor may be required as between the debtors themselves, to discharge his own debt rather than one who is secondarily liable for it. But this principle cannot be extended so as to impose upon the endorser a different obligation than the law ascribes to the writing which he executes."

The purpose of an endorsement "without recourse" is to transfer the title to the instrument of writing to the purchaser, without creating any personal liability on the part of the one so transferring and endorsing it. The character of the instrument is, in no wise, modified or changed by permitting the introduction of parol evidence to show to whose endorsement the qualifying words apply, where there is more than one endorsement to which they might with equal propriety apply. In such case, it is impossible to determine, without the introduction of parol evidence, which endorser is entitled to the benefit of the qualifying words, and hence the necessity for its introduction.

In a note to Doll v. Getzschmann, 26 Am. & Eng. Ann. Cases, 880, quite a line of authorities is collated by the editor, which hold that parol evidence is admissible to show the time when an endorsement on a note was made. If parol evidence may be introduced to show the order in which endorsements were made upon a note, by parity of reasoning, it is equally apparent that such evidence should be admitted to establish to which of several endorsements, qualifying words found on the note should be applied.

It being competent for appellee to show, by parol evidence, that the qualifying words "without recourse" were placed upon the note to limit his liability, the chancellor correctly held that appellants were not entitled to recover.

Judgment affirmed.