No. 20,511.

W. C. LEAHMER, *Appellant,* v. McCULLOUGH et al.
(A. E. HOSTETLER, *Appellee*).

### SYLLABUS BY THE COURT.

PROMISSORY NOTE — *Indorsement "Without Recourse" — Second Indorser—Oral Evidence.* When the plaintiff purchased the note sued on, payable to the order of A. E. Hostetler, the first three lines indorsed theron were:

"A. E. Hostetler.

"Without recourse

"M. E. Long."

*Held,* that oral evidence was competent to show that the words "Without recourse" were written by and intended to apppply to the payee, A. E. Hostetler.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed January 6, 1917. Affirmed.

*Richard J. Hopkins,* of Garden City, for the appellant.
*H. A. Russell,* of Scott City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff purchased a promissory note made to and indorsed by A. E. Hostetler, who, upon suit being brought, alleged that he was not liable, having indorsed without recourse. When the note was purchased the first three lines on the back thereof were:

"A. E. Hostetler.
"Without recourse
"M. E. Long."

The court permitted the payee to testify that he had written the words "Without Recourse" under his name. The plaintiff appeals and contends that this was error for the reason that the usual mode of indorsement without recourse is for the words to precede the signature and not to follow it, and that as between the indorser and a subsequent holder it is not competent for the former to show that he wrote them under his signature.

In this case an inspection of the original note which is before us is very persuasive that the handwriting in which the name of the payee and the subsequent words appear is the same, while the words "Without recourse" and the name of the next indorser, M. E. Long, bear no resemblance whatever as to handwriting.

It would seem on principle that the payee's signature on the back of a note together with the words "without recourse" ought to have the same effect whichever words precede or follow. And to this effect are numerous authorities.

"The usual mode . . . is by adding to the signature . . . and it is immaterial whether these words follow or precede his signature." (8 C. J. 369.)

In *Corbett v. Fetzer,* 47 Neb. 269, the first paragraph of the syllabus is:

"The words 'without recourse', following the name of the first, and

preceding the name of the second indorser of a bill or note, may be shown by parol evidence to apply to the former instead of the latter."

The opinion quotes (p. 273) from *The President, &c., of the Fitchburg Bank v. Greenwood & another,* 84 Mass. 434, the following language of Bigelow, C. J.:

"There is no rule of law which requires a party to limit or qualify his indorsement by any writing preceding his signature. Such qualification may and often does follow the name of the party. Text-writers of approved authority recognize this mode of limiting the liability of an indorser as regular and appropriate." (p. 435.)

*Goolrick v. Wallace,* 154 Ky. 596, was very similar to the case before us, the words "without recourse" appearing between the signatures of two indorsers, and oral testimony was held competent to show that they applied to the signature preceding them. The Kentucky statute quoted was in the identical words of ours, providing that a qualified indorsement may be made by "adding to the indorser's signature the words 'without recourse,' or any words of similar import." (Gen. Stat. 1909, § 5291. See Note, 134 Am. St. Rep. 993.)

Counsel calls attention to some language in *Hatch v. Barrett,* 34 Kan. 223, 231, 8 Pac. 129, touching the proper form of an ordinary indorsement without recourse, but this was used with reference to a written assignment coupled with an attempted qualification that it was to be without recourse, and with no reference to the relative position of the two words in an ordinary qualified indorsement.

"And where an indorser adds to his name the words 'without recourse', at the time of his indorsement, parol evidence is admissible that such is the fact, although the paper is afterwards indorsed by another person and the indorsee takes it without knowing that the limitation is applicable to the first indorser." (3 R. C. L. 1159.)

It appears, therefore, that the decisions as well as the negotiable instruments act (§ 45, Gen. Stat. 1909, § 5291) uphold the ruling of the trial court.

The judgment is affirmed.