COMMERCIAL CREDIT CO. *v.* BISHOP, D. B. A. BISHOP
MOTOR CAR CO.

(Decided February 28, 1927.)

*Mr. E. H. Brink* and *Mr. A. R. Hoffman,* for plaintiff in error.

*Messrs. Broeman, Gallagher & Long,* for defendant in error.

HAMILTON, P. J. The Commercial Credit Company, plaintiff in error here, which is a Delaware

corporation, brought suit in the court of common pleas of Hamilton county, Ohio, against Charles E. Bishop, doing business under the name of the Bishop Motor Car Company, defendant in error, on a promissory note, a copy of which note, with the indorsements thereon, is set forth in the petition, and is as follows:

"Cincinnati, Ohio, 11/15/21.
"716 Elberon Ave.

Schedule of Payments Months after Date

$94.97— 1 mo.
$94.97— 2 mos.
$94.97— 3 mos.
$94.97— 4 mos.
$94.97— 5 mos.
$94.97— 6 mos.
$94.97— 7 mos.
$94.97— 8 mos.
$94.97— 9 mos.
$94.97—10 mos.

"For value received, at the time or times stated in the Schedule of Payments hereon, I promise to pay to the order of Bishop Motor Car Company Nine Hundred Forty-Nine & 70/100 Dollars ($949.70) at the office of Commercial Credit Company, Garrett Building, Baltimore, Md., with interest after maturity at the highest legal contract rate, I, do hereby authorize, irrevocably, any attorney to appear for me, after maturity of the whole or any part hereof in any court of record in the United States, in term time or vacation and to waive the issue and services of process and to confess a judgment against me, in favor of the holder hereof, for such amount as may appear to be unpaid hereon, together with interest after maturity, costs and attorney's fees, which we agree to pay, and to re-

lease all error and waive present-
ment, protest, notice of protest
and all right of appeal. I, here-
by waive all benefit of valuation,
appraisement a n d exemption
laws. This note becomes imme-
diately due and payable (less any
payments made hereon) in event
of non-payment at maturity of
any payment scheduled hereon.
This note is secured by chattel
mortgage.

"[Signed] Lilymae Watts.

"No. 7950.

"(Original)

"Twenty cents in cancelled documentary stamps.

"For value received pay to the order of Com-
mercial Credit Company Baltimore, Md.

"We, and each and all of the undersigned hereon,
jointly and severally guarantee payment of prin-
cipal and interest after maturity at the highest legal
contract rate, collection expenses, costs and attor-
ney's fees, of the within note, as and when the same
shall become due, and of any extension thereof in
whole or in part, accepting all its provisions, author-
izing the maker, without notice to us or either of us,
to obtain and the holder hereof to grant an extension
or extensions in whole or in part, and waiving de-
mand, protest and notice of protest and non-pay-
ment; also agreeing that in case of non-payment of
principal or interest after maturity when due, suit
may be brought by the holder of this note against
any one or more or all of us, at the option of said
holder, whether such suit has been commenced

against the maker or not, and that in any such suit the maker may be joined with one or more or all of us, at the option of the holder.

"[Signed] Bishop Motor Car Co.
"By Chas. E. Bishop."

The credit company claims to be the owner of above note by virtue of the indorsement and transfer to it.

The answer, in its first defense, admits the execution and delivery of the note to the Bishop Motor Car Company; admits the corporate capacity of plaintiff; and generally denies all other allegations in the petition contained; and, by way of second defense, sets up an oral agreement made between the plaintiff and defendant at the time of the transfer of the note to plaintiff, to the effect that, if there was default in the payment of any of the installments on the note, or default in any of the conditions of the mortgage given to secure the same, plaintiff was to take possession of the automobile on which the mortgage was given, and return the same to the defendant, whereupon defendant was to repay to plaintiff the amount which plaintiff had received from the defendant at the time of the discounting of the note and the transfer of the mortgage to it. The answer further sets up that defendant transferred the note and mortgage to the plaintiff and received consideration therefor, less certain discount, and alleged performance on his part of all the conditions of said contract, but that the plaintiff failed to perform the conditions of the contract, in that it failed to return the automobile, and failed to deliver the same upon default of payment under the note and mortgage. Defendant claims a release by

reason of this failure to perform on the part of the plaintiff.

At the trial, counsel for plaintiff objected to the defendant introducing evidence in proof of this contract, set up by way of a second defense. Over this objection, the defense was permitted to introduce evidence of this oral contract, and the court charged the jury that they were to consider the oral evidence regarding the oral contract as a defense to the payment of the note. Exceptions were reserved to the court so charging.

The jury returned a verdict for the defense, and the court entered judgment on that verdict. From that judgment, error is prosecuted to this court.

The question here is: Is the evidence of the oral agreement within the exception that parol evidence cannot be admitted to vary the terms of a written contract?

That parol evidence cannot be introduced to vary the terms of a written contract is one of the first and plainest principles of evidence. Under the decisions, and it is the law, evidence of a parol agreement may be introduced for certain purposes as against the holder with notice, for instance, as to whether or not there was any delivery of the note; or whether or not there was any consideration given for the note; or whether or not there was any note executed.

There is a line of distinction in the cases where evidence of a parol agreement may be introduced in defense to a note and where it may not. If the oral agreement required a condition precedent, then evidence of such an agreement would be admissible, as the failure to perform a condition precedent would prevent the taking effect of the obligation under the

note, and would make any obligations thereunder inoperative. But, if the conditions claimed were conditions to take effect in the future, and were contingencies which might or might not arise, such evidence would be inadmissible to vary the written contract or note.

The answer admits the delivery and a receipt of the consideration. There is no mistake or fraud suggested. The note contains an absolute and unconditional promise to pay a specific sum at a specified time. The indorsement is an absolute guarantee of payment.

One of the leading cases involving the point is the case of *Jamestown Business College Assn.* v. *Allen,* decided by the Court of Appeals of New York, and reported in 172 N. Y., at page 291, 64 N. E., 952, 92 Am. St. Rep., 740. The first part of the syllabus in that case is: ''Parol evidence inadmissible to show that note, absolutely delivered at date thereof, was not to be paid upon the happening of a subsequent contingency''—the court so holding since ''the delivery of the note was not a conditional delivery, not to become complete and effective until the happening of some condition precedent, but was an absolute delivery which cannot be defeated by the happening of any subsequent contingency.''

In the case here under consideration it is not alleged and is not claimed that there was a conditional delivery, wherein the ownership of the note was not to become complete and effective until the happening of some condition precedent, but the delivery was absolute, and all that is claimed is that, if the maker of the note failed to pay the note, according to its terms, the owner, plaintiff here, would take the auto-

mobile, and return it to the defendant. This was clearly a subsequent contingency. This rule was approved in the case of *Smith* v. *Dotterweich,* 200 N. Y., 299, 93 N. E., 985, 33 L. R. A. (N. S.), 892. This same rule was applied in the case of *First National Bank* v. *Bickel,* reported in 143 Ky., 754, 137 S. W., 790, 791. In the *Bickel case* the court construed the Uniform Negotiable Instrument Law, as provided in the Kentucky statute, and held that certain sections of the Negotiable Instrument Code would prevent the introduction of evidence of an oral agreement to contradict the express terms of the note. Under the Negotiable Instrument Code of Ohio (Sections 8106 to 8302, General Code), which is similar to that of Kentucky, there are provisions which would tend to support this proposition, but it is not necessary here to construe those sections. In the *Bickel case, supra,* the court stated: ''The statute fixing the legal effect of the instrument, parol evidence may not be received to give it a different effect.'' And among other cases it cited the case of *Rockfield* v. *First National Bank,* 77 Ohio St., 311, 83 N. E., 392, 14 L. R. A. (N. S.), 842.

This same question arose in the case of *Nickell* v. *Bradshaw,* 94 Or., 580, 183 P., 12, 11 A. L. R., 623. In that case, in the eighth paragraph of the syllabus, the court said: ''Parol evidence that indorser and indorsee of a note agree that indorsee would enforce payment only from maker is incompetent because contradicting the written contract of indorsement.''

The above case, and the cases therein cited, seem to clearly decide the question here in favor of the plaintiff in error. However, there are some Ohio

cases which are in point, and practically decide the question.

In the case of *Holzworth & Sebastian* v. *Koch, Mayer & Goldsmith,* 26 Ohio St., 33, the third paragraph of the syllabus is: "Parol evidence is admissible to show the consideration of a note, and to show that the consideration in whole or in part has failed; but it can not be received to contradict the terms of the note, or to attach to it conditions."

In the course of the opinion, the court said: "The note contains an absolute and unconditional promise to pay its full amount at the end of six months, and the defendants sought by parol proof to change this into a promise to pay on condition the plaintiffs would furnish goods to Doering, and to pay at such time or times as he might be able to pay. This they could not be allowed to do, without violation of one of the first and plainest principles of evidence."

A case not unlike the one under consideration is reported in 11 C. C. (N. S.), at page 93, 20 C. D., 398, *Martin* v. *First National Bank of Geneva.* That was a case of a suit on a negotiable promissory note to the First National Bank of Geneva, Ohio. Two of the parties were sureties, and they contested the payment of the note. It was claimed by the sureties that at the time of the delivery of the note to the bank there was a parol agreement with the cashier that the bank was to obtain from the Ottumwa Telephone Company, of the state of Iowa, the bonds of that company of sufficient amount to pay the note, and that such bonds were to be held by the bank as collateral for the payment of the note, and were to be exhausted before any liability of the sureties would attach. The bank did not procure the bonds,

or, if it did, it appropriated them to its own use in payment of other claims that it had against the telephone company.

The court in deciding the case said: "A promissory note is a contract in writing and both parties, the maker and payee, are bound by its terms. A want or failure of consideration in whole or in part might be shown the same as in a deed or other written contract, but certainly the time or manner of payment differing from that stated in the note could not be varied by such evidence"—citing *Holzworth & Sebastian* v. *Koch, Mayer & Goldsmith*, 26 Ohio St., 33.

The validity of the note is not questioned. Complete delivery was made. The indorsement and transfer were full and complete, fixing the liability of the defendant. The defense sought, of which the defendant seeks to avail himself, is based on a subsequent contingency, and, under the authorities and the law, this defense is not available to him.

We are not holding that the defendant would have no independent action for breach of an oral contract, and resultant damages; what we are deciding is that evidence of a parol agreement is not available in this case.

The evidence having been erroneously admitted over objection, it follows that the charge of the court relating thereto is erroneous.

For error in admitting the evidence, and in the charge of the court, the judgment will be reversed, and the cause remanded for a new trial and further proceedings according to law.

Plaintiff in error, after the verdict in the trial court, moved for judgment *non obstante veredicto*.

This is equivalent to a demurrer to the answer. If the sole defense had been based on the claimed oral agreement, set up in the second defense, such a motion might be sustainable. But, in view of the fact that the first defense is in the nature of a general denial, the motion was properly overruled.

*Judgment reversed and cause remanded.*

CUSHING and BUCHWALTER, JJ., concur.