David T. BOWEN

v.

Marie C. EVANUK

v.

STATE OF RHODE ISLAND.

Civ. A. No. 5009.

United States District Court,
D. Rhode Island.

Dec. 20, 1976.

Frank Caprio, Johnston, R. I., for plaintiff.

John F. Dolan, William G. Brody, Sp. Asst. Atty. Gen., for State of R. I., Providence, R. I., for defendants.

## MEMORANDUM AND ORDER

PETTINE, Chief Judge.

This is a diversity case in which plaintiff Bowen, a Rhode Island resident, sued defendant Evanuk, a Connecticut resident, for negligence arising out of the operation of a motor vehicle. Evanuk thereupon filed a third-party complaint against the State of Rhode Island, claiming that it was the state's negligence in failing to maintain a stop sign at the intersection where the accident occurred that was wholly or partially responsible for the injuries sustained by plaintiff Bowen. The State moved to dismiss the third-party complaint on the grounds that the eleventh amendment barred unconsented suits against the sovereign. The motion to dismiss was denied by Judge Day on the grounds that R.I.G.L. § 9–31–1 (1969) constituted an explicit waiver of the sovereign immunity defense on the part of the state and that this waiver extended to suits brought in federal as well as in state court. [Unreported opinion, July 11, 1975].

Subsequent to Judge Day's ruling, the principal suit was settled, leaving only the question of what contribution or indemnification, if any, is due to defendant third-party plaintiff Evanuk, from third-party defendant State of Rhode Island. At this juncture the State has renewed its motion to dismiss, re-asserting the claim of sovereign immunity and raising as an additional argument that the dismissal of the principal suit should require automatic dismissal of the third-party action.

■ The renewed eleventh amendment defense borders on the frivolous. The State concedes that Judge Day's opinion on its earlier motion to dismiss is "the law of the case." Notwithstanding this concession the State argues that Judge Day decided only that the state had waived its immunity with respect to suits in tort, but that claims for indemnification or contribution from the state as a joint tortfeasor remain barred by the doctrine of sovereign immunity as embodied in the eleventh amendment. Judge Day's opinion, however, specifically states that:

> [t]he defendant and third-party plaintiff, Mary C. Evanuk, claims entitlement to a judgment against the State of Rhode Island for *indemnification or contribution* insofar as the automobile accident herein involved was allegedly, caused 'solely and/or partly' by the negligence of certain State employees.

*Bowen v. Evanuk,* C.A. No. 5009 (D.R.I. July 11, 1975), slip. op. at 2 (emphasis added). The subsequent dismissal of the principal negligence action between Bowen and Evanuk is totally without relevance to the ongoing validity of Judge Day's holding that the State's waiver of its sovereign immunity from claims in tort must be understood to include a waiver of immunity to claims for contribution that are on the State's tortious conduct. If, as the State concedes, the holding was the law of the case before dismissal of the principal action, it certainly remains the law of the case now, and will be observed as such.

■ The State's second argument focuses on the permissible limits of ancillary jurisdiction. When the principal negligence action was dismissed, the State argues, the only independent ground for federal jurisdiction—diversity of citizenship—disappeared.[1] In the absence of such an independent ground for bringing the State before this Court, the State urges that the action against it should be dismissed. In

support of this argument the State cites the recent case of *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), in which the Supreme Court held that jurisdiction under 28 U.S.C. § 1343(3) does not extend to pendent state-law claims against municipal bodies where a federal law creating the federal cause of action (The Civil Rights Act of 1871, 42 U.S.C. § 1983 (1970)) specifically forecloses independent jurisdiction over municipal corporations. *Aldinger, supra,* at 1, 96 S.Ct. 2413.

The foregoing statement of the *Aldinger* holding is sufficient to indicate that *Aldinger* involved very different considerations from those present here. As the Supreme Court summarized the reasoning of the Court of Appeals for the Ninth Circuit, which it upheld:

> This kind of case . . . presented the "weakest rationale" for extension of *[United Mine Workers v.] Gibbs* [388 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)] to pendent parties: (1) the state claims are pressed against a party who would otherwise not be in federal court; (2) *diversity cases generally present more attractive opportunities for exercise of pendent party jurisdiction, since all claims therein by definition arise from state law*; (3) federal courts should be wary of extending court-created doctrines of jurisdiction to reach parties who are *expressly excluded* by Congress from liability, and hence federal jurisdiction, in the federal statute sought to be applied to the defendant in the main claim; (4) pendent state law claims arising in a civil rights context will "almost inevitably" involve the federal court in difficult and unsettled questions of state law, with the accompanying potential for jury confusion. *Id.* at 5–6, 96 S.Ct. at 2416 (citations omitted) (emphasis added).

Of the four above-mentioned considerations, only the first even arguably supports

---

1. Defendant and third-party plaintiff Evanuk is a Connecticut resident. However, the fact that the third-party defendant is a foreign state is not sufficient to create diversity under 28

U.S.C. § 1332 (1970), as states are not "citizens" for diversity purposes. *Moor v. County of Alameda,* 411 U.S. 693, 717, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

the State's position in the present case. This *is* a diversity case, involving questions of Rhode Island negligence law that are part of this Court's regular agenda. There is no Congressional policy at work here counselling limitation of this Court's jurisdiction. In view of these crucial distinguishing factors, this Court does not regard *Aldinger* as controlling.

This Court also notes that the present case is one calling for the application of "ancillary" rather than "pendent" jurisdiction, see *Aldinger, supra,* 427 U.S. at 6–16, 96 S.Ct. 2413. As the Court in *Aldinger* stated,

> For purposes of addressing the jurisdictional question in this case, however, we think it quite unnecessary to formulate any general, all-encompassing jurisdictional rule. Given the complexities of the many manifestations of federal jurisdiction, together with the countless factual permutations possible under the Federal Rules, there is little profit in attempting to decide, for example, whether there are any "principled" differences between pendent and ancillary jurisdiction, or, if there were, what effect Gibbs had on those differences.

*Id.* at 13, 96 S.Ct. at 2419. This language, in addition to the language cited earlier, makes this Court extremely hesitant to attempt to apply the very different factual and legal considerations at work in *Aldinger* to the present case, arising as it does out of "diversity" rather than "federal-question" jurisdiction and dealing with a third-party complaint under Rule 14 rather than with the impleader of additional parties in the principal action under Rules 13, 19, and 20, Fed.R.Civ.P.

■ For all of these reasons, the Court is disinclined to read *Aldinger* as undermining the generally accepted rule that upon dismissal of the principal claim, it lies within the discretion of the Court to proceed with the ancillary claim or to dismiss it. *See, e. g., Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1204 n.2 (5th Cir. 1975).

■ In determining whether, given the Court's power to retain jurisdiction, the ancillary claim should nevertheless be dismissed as a matter of discretion, this Court can but note its concurrence with the cogent statement of applicable principles set out by the Second Circuit in *Dery v. Wyer*, 265 F.2d 804 (1959):

> [If] jurisdictional prerequisites are satisfied when the suit is begun, subsequent events will not work an ouster of jurisdiction. * * * This result is not attributable to any specific statute or to any language in the statutes which confer jurisdiction. It stems rather from the general notion that the sufficiency of jurisdiction should be determined once and for all at the threshold and if found to be present then should continue until final disposition of the action. * * * Considerations of policy * * * accord with our conclusion. If the main claim and the third-party claim are tried together and a decision or a settlement in favor of the plaintiff is announced on the main claim in advance of decision of the third-party claim, to hold that the determination of the main claim ousted the court of jurisdiction over the ancillary claim would in many cases entail a serious waste of effort by both the judge and the litigants. The natural tendency would be to discourage settlements. And the same considerations, though perhaps to a lesser degree, would tend to discourage adjudications on motions and settlements in advance of trial. Confusion would result from such doctrine not only as to the timing but also as to the nature of the event causing loss of ancillary jurisdiction. * * * Not infrequently, if ancillary jurisdiction were thus subject to defeasance, the third-party claim might be time-barred * * *. In short, a rule that ancillary jurisdiction of a third-party claim terminates on a determination of the main claim will seriously impair the utility of the Rule, breed confusion and generate many sterile jurisdictional disputes. *Id.* at 808–09 (citations and footnotes omitted).

In the present case, it appears to be beyond argument that a *per se* dismissal rule would have seriously jeopardized the ability of the parties to the principal action to reach the settlement that was in fact achieved. Moreover, if the third-party complaint were to be dismissed at this juncture, the statute of limitations, R.I.G.L. § 10–6–4 (1969) would appear to operate to bar third-party plaintiff from seeking contribution from the State of Rhode Island in any other forum. In view of the fact that dismissal of the case may well damage third-party plaintiff irreparably and there has been no suggestion that retention of jurisdiction will prejudice the State's interest in any way, the motion to dismiss is denied. *See* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1444 at 237.

So Ordered.