Marcia J. LAIRD, Plaintiff,

v.

CHRYSLER CORPORATION, et
al., Defendants.

Civ. A. No. 80–2225–MC.

United States District Court,
D. Massachusetts.

Dec. 7, 1981.

Thomas J. Ford, Boston, Mass., for plaintiff.

Raymond J. Kenney Jr., and Clement McCarthy, Boston, Mass., for Bird & Sons.

Mark S. Granger, Cornell, Gollub & Dolan, Boston, Mass., for Chrysler Corp.

Richard B. Woolley, Sp. Asst. Atty. Gen., Providence, R. I., for State of Rhode Island.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This matter came on to be heard on defendant Chrysler's motion to implead the State of Rhode Island as a third party defendant.[1] Rhode Island had been one of the original defendants in this case but was voluntarily dismissed by the plaintiff.

In this action plaintiff, a resident of Rhode Island, seeks damages for injuries which she received in an automobile accident on November 21, 1978. The original defendants were: Chrysler, a Delaware corporation with a usual place of business in Michigan; Bird & Sons, Inc., a Massachusetts corporation; and the State of Rhode Island. As previously noted, the plaintiff voluntarily dismissed the action against Rhode Island. Chrysler's opposition to the dismissal was overruled by a United States Magistrate.

Chrysler's motion to implead Rhode Island as a third-party defendant raises several problems requiring resolution before decision: Has Rhode Island waived its sovereign immunity? Can Rhode Island be a joint tortfeasor liable for indemnification and contribution? Is Rhode Island a necessary party? Will Rhode Island's participation in the suit destroy the diversity jurisdiction of this court?

■ Rhode Island has waived its sovereign immunity for claims of the type which plaintiff brings here. R.I. G.L. § 9–31–1 provides:

> Tort liability of state.—The state of Rhode Island and any political subdivision thereof, including all cities and towns, shall, subject to the period of limitations set forth in § 9–1–25, hereby be liable in all actions of tort in the same manner as a private individual or corporation, provided however, that any recovery in any such action shall not exceed the monetary limitations thereof set forth in the chapter.

The waiver expressed therein applies to tort suits brought in federal court. *Marrapese v. State of Rhode Island*, 500 F.Supp. 1207, 1222 (D.R.I.1980).

■ It is, however, unclear whether by that waiver Rhode Island has consented to being considered a joint tortfeasor subject to right of contribution. As expressly stated therein, R.I. G.L. § 9–31–1 provides that Rhode Island is liable *"in the same manner as a private individual or corporation"* (emphasis added), subject only to the monetary limitations set forth in § 9–31–2 ($50,000 unless the State is engaged in a proprietary function in the commission of a tort). That language indicates to the court that Rhode Island has consented to suit as a joint tortfeasor. The court, in *Bowen v. Evanuk*, 423 F.Supp. 1341, 1343 (D.R.I.1976), so held in enforcing a decision of another judge of that court (*Bowen v. Evanuk*, C.A. No. 5009, unreported opinion, July 11, 1975) that the waiver expressed in R.I. G.L. § 9–31–1 constituted a waiver of immunity to claims for contribution and indemnification against Rhode Island as a joint tortfeasor.

■ Rule 19 F.R.C.P. sets out the standards applicable in determining whether a "person" is necessary or indispensable to an action. That determination involves a two-step analysis: first, the court must determine whether a party is one who must be joined if his joinder is "feasible". If he can be joined and his presence in the suit would not destroy jurisdiction, he must be joined. If he cannot be joined, step two requires a determination whether "in equity and good conscience" the court should proceed without him.

■ The joinder of the State of Rhode Island is feasible on the basis of ancillary jurisdiction. The claim of Chrysler against Rhode Island is one for contribution and indemnification. Diversity jurisdiction exists over plaintiff's claims against Chrysler and Bird & Sons, Inc. and Chrysler's claim against Rhode Island is dependent on the resolution of the primary suit.

■ Since Rhode Island's presence would be necessary to afford complete relief among the parties and to protect Chrysler and Bird & Sons, Inc. from possibly incurring excess liability, Rhode Island should be joined as third-party defendant.

1. Counsel for Chrysler was the only party present at the hearing.

The joinder of Rhode Island as a third-party defendant will not destroy complete diversity. Since Rhode Island is not a citizen for diversity purposes, *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed.2d 231 (1894); *Illinois v. City of Milwaukee*, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972), it cannot be a co-citizen of any party and could not destroy the diversity jurisdiction already established.[2]

Additionally, the considerations of judicial economy, convenience and fairness to all of the litigants weigh in favor of allowing Chrysler to implead the State of Rhode Island. Rhode Island's presence in this action will make unnecessary another trial on the issue of the relative negligence of Chrysler, Bird & Sons, and Rhode Island. There are common questions of law and fact which are involved and this resolution in a single proceeding will serve the interests of the litigants and of judicial economy.

For the foregoing reasons, Chrysler's motion to implead the State of Rhode Island as a third-party defendant is allowed.

---

**2.** The court is aware of the decision of the court in *McKnight v. Broedell*, 212 F.Supp. 45 (E.D.Mich.S.D.1962), which held that impleading of the State of Michigan as a party defendant would destroy diversity jurisdiction, but finds the decision in *United Pacific Insurance Co. v. Capital Development Board*, 482 F.Supp. 541, 546 (N.D.Ill.E.D.1979) (joinder of State of Illinois does not destroy diversity jurisdiction) to be the better reasoned view.