**ROPER v. ALAMO OIL & REFINING CO. et al. (No. 126.)**

(Court of Civil Appeals of Texas. Eastland. March 12, 1926.)

**1. Bills and notes ⬉123(2)—Words preceding signature, indicating that maker signs for or on behalf of principal, are not merely descriptive, and he is not liable personally, if duly authorized to sign (Uniform Negotiable Instruments Law, § 20 [Complete Tex. St. 1920, art. 6001a20, or Vernon's Ann. Civ. St. Supp. 1922, art. 6001—20]).**

Under Uniform Negotiable Instruments Law, § 20 (Complete Tex. St. 1920, art. 6001a20, or Vernon's Ann: Civ. St. Supp. 1922, art. 6001—20), words preceding signature, indicating that maker signs note for or on behalf of principal, are not merely descriptive of him, and he is not personally liable thereon if duly authorized to sign.

**2. Associations ⬉20(5)—Evidence held to show that company, for which president signed its name to note, was not fictitious, so as to render him personally liable, but was a voluntary association.**

Evidence held sufficient to show that company, name of which was signed to note by its president on its behalf, was not fictitious, so as to render him individually liable thereon, but was a voluntary association.

**3. Associations ⬉20(5) — Court's conclusion that president of association had authority to sign note for it held supported by evidence.**

Evidence of decision at meeting of persons financially interested in voluntary association, including majority of trustees, to borrow money for association, and signing of note by majority of directors, including manager and secretary-treasurer, held sufficient to support court's conclusion that president had authority to sign note for association.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by Elisha Roper against the Alamo Oil & Refining Company, E. Witt, and others. From judgment discharging defendant Witt, plaintiff appeals. Affirmed.

Owen & Owen, of Eastland, for appellant.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellees.

PANNILL, C. J. Appellant in this suit declared on a promissory note payable to his order and signed by the following parties: Alamo Oil & Refining Company, by E. Witt, president, R. W. Smith, G. W. Dawson, Geo. B. Dortois, manager, Cleveland Baker, secretary-treasurer, Joe M. Sears and Tom W. Crutcher. On the trial before the court, appellant dismissed as to Alamo Oil & Refining Company, Geo. B. Dortois, and Cleveland Baker. Judgment was in appellant's favor against Sears, Smith, and Crutcher, but against appellant on his claim against E.

Witt personally, from which judgment discharging Witt this appeal is prosecuted.

Conclusions of fact were filed in which the court found that appellee Witt did not sign the note as an individual, but was merely signing the name of the concern, and that authority existed in Witt so to do.

Appellant attacks the finding of the court and judgment based thereon on several grounds:

[1] First, that Witt's signature was "descriptio personæ," and that the words preceding his signature were merely descriptive of him. This is obviously untenable. Article 6001a20, Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1922, art. 6001—20, being section 20, Uniform Negotiable Instruments Law, provides that where a person adds to his signature words indicating that he signs for or on behalf of a principal, he is not liable on the instrument if he was duly authorized. Appellant's proposition relating to the question considered is just the converse of the statute referred to. The courts have rendered many decisions on this question contrary to the common usage and understanding of the business world, but no case decides the very converse of the statute. Bank v. Korn (Mo. App.) 179 S. W. 721; Bank v. Bickel, 143 Ky. 754, 137 S. W. 790; Brannan's Negotiable Instruments (3d Ed.) sec. 20, page 70, and authorities cited.

[2] Second, appellant seeks to hold appellee Witt personally liable, notwithstanding he signed on behalf of his principal, by propositions asserting that there is no evidence of his authority, and that the purported principal does not appear to be a legal entity, and therefore Witt signed for a fictitious person. As these assignments require a review of the evidence, they will be discussed together.

The statement of facts shows that the Alamo Oil & Refining Company was some kind of a voluntary association, the exact nature thereof is not disclosed. It owned a refinery; had a board of directors or trustees, a president, secretary-treasurer, and a manager. That appellant was president, and at a meeting of a number of those financially interested in the concern, including a majority of its trustees, appellant resigned as president and appellee Witt was elected. At this meeting it was decided that with $10,000 the concern could resume operations and that appellant offered to loan the money. There is a conflict in the testimony as to the terms of his offer, appellant claiming that his offer was conditioned upon those signing the note being individually liable thereon; but this issue was decided in appellee's favor. The note was executed as stated. Those signing constituted a majority of the trustees of the concern. The money was borrowed to pay the debts of the company and resume operations at the refinery. Appellant alleged that it was a joint-stock company, operating under a dec-

laration of trust. This alleged instrument was not in evidence. There was no testimony that appellee Witt was a member of the company. The evidence, the substance of which has been stated, was sufficient to show that said Alamo Oil & Refining Company was not a fictitious name, but was some kind of a voluntary association. Appellant had been president of it and his brother a director.

[3] The facts, that at the meeting referred to it was decided to borrow money for the company, and that a majority of the directors, including the manager and secretary-treasurer, all signed the note by which the money was obtained for the use and benefit of the company, are certainly sufficient to support the trial court's conclusion that authority was lodged in appellee Witt to sign for the company.

Those present at the meeting could certainly authorize Witt to sign for the company, if they had the power, which is not denied, to accept appellant's resignation, elect Witt president, and negotiate the loan. Witt's act in signing for the association was approved by such trustees and officers signing after Witt.

The assignments appear to be without merit, and are overruled.

The judgment is affirmed.

RIDGELL, J., absent.