**NISHIMATSU CONSTRUCTION CO., LTD., Plaintiff,**

v.

**HOUSTON NATIONAL BANK, Defendant-Third Party Plaintiff-Appellee,**

v.

**Jack D. BAIZE, Third Party Defendant-Appellant.**

No. 74–2053.

United States Court of Appeals, Fifth Circuit.

July 18, 1975.

William B. Dazey, Robert E. Newey, Houston, Tex., for defendant-appellant.

Walter E. Workman, William R. Burke, Jr., Houston, Tex., for plaintiff-appellee.

Arno W. Krebs, Jr., Houston, Tex., for Nishimatsu Const. Co.

Before WISDOM and DYER, Circuit Judges, and KRAFT,* District Judge.

WISDOM, Circuit Judge:

In this diversity case, "the fundamental question," as the appellee frames it, "is whether a party who has wilfully disregarded the rules of the judicial process and ignored the trial setting of the court below, and who suffers a judgment by default as a result of his deliberate and contumacious conduct, may under the guise of challenging the jurisdiction of the district court attempt to defend the case on the merits for the first time in the Court of Appeals." The

* Senior District Judge of the Eastern District of Pennsylvania, sitting by designation.

answer is that he may—in the circumstances this case presents.

The default judgment challenged here was entered against South East Construction Company (Secon) and the appellant, Jack D. Baize, in favor of the Houston National Bank (HNB) on two separate instruments: one a promissory note and the other a contract executed in connection with a letter of credit issued by the bank. Only Baize appeals. He contends that the judgment cannot stand because the court lacked jurisdiction over the subject matter of the claim on the promissory note and because the pleadings do not adequately support the judgment in the contract. We agree with these contentions. We vacate the judgments against Baize and remand with directions.

I

Baize, a citizen of the United States and now a resident of Japan, was a representative of Secon. This Hong Kong corporation entrepreneured in the contracting business by obtaining engineering contracts and then subcontracting the entire project. In the transaction that spawned this lawsuit, Secon contracted with the Junta Autonoma del Ferrocarril Quito-San Lorenzo (Junta) of Ecuador to renovate a railroad line in that country. The contract required Secon to prepare or procure drawings, surveys, and specifications for the project and to furnish a list of needed equipment and materials. Secon, by subcontract, engaged the Nishimatsu Construction Company to perform on behalf of Secon the engineering studies for Junta. The subcontract obligated Secon to make periodic payments to Nishimatsu for, among other things, salaries and expenditures paid in connection with the project.

To finance these payments, Secon, through Baize, negotiated with the Houston National Bank to obtain a letter of credit in favor of Nishimatsu for

the account of Secon. The bank had known Secon and Baize from previous dealings and was engaged in financing Junta's railroad renovation project. HNB recognized that Secon would be able to cover drafts by Nishimatsu against the letter of credit only if Junta, satisfied with the work, paid Secon. The terms of the letter of credit therefore required that all drafts bear the countersignature of Jack D. Baize or another authorized representative of Secon, to show Secon's approval of the payment and to certify that the listed expenses had the preliminary approval of Junta. Moreover, the bank sought to protect itself by taking an assignment of Secon's rights under the contract with Junta as security for its issuance of credit on behalf of Secon.[1]

Everything went smoothly for six months, and the first seven drafts submitted by Nishimatsu were honored by the bank. They had been countersigned on behalf of Secon by Z. A. Hawes. The bank refused, however, to honor the next nine drafts because, it said, it had received inadequate documentation of the expenses and because it had learned that in spite of Secon's and Nishimatsu's certification to the contrary Junta had refused to give preliminary approval to the invoices. Litigation began with a diversity suit filed on January 7, 1972 by Nishimatsu against HNB to recover under the letter of credit. The bank answered, denying its liability, on January 31.

On February 4 HNB filed the third-party complaint against Secon and Baize that provides the grist for this appeal. The complaint embraced two claims against both Secon and Baize. First, it alleged that Baize and Secon, under the agreement executed in connection with the application for a letter of credit were obligated to reimburse the bank for any sums paid Nishimatsu under that letter of credit. The bank also joined a claim against Secon and Baize on a demand promissory note.

---

**1.** Our statement of the transactions between Baize and the bank is based on the pleadings

and depositions taken by the bank. The facts have not of course been established by proof.

Secon and Baize filed no responsive pleadings. HNB and Nishimatsu meanwhile settled the controversy between them; the bank agreed to pay $17,500. On May 28, 1973, on motion of the parties, the court dismissed the main claim. The bank, on August 16, requested the clerk of the district court to enter the default of Secon and Baize for their failure to plead or otherwise defend the third-party action. A copy of this request was forwarded to Baize at the same address previously furnished the Texas Secretary of State. On September 4, HNB entered a motion for a default judgment, and a copy of the motion was forwarded to Baize and Secon in Tokyo.

Finally, on September 14, 1973, seven months after the third-party complaint had been filed and one month after their default had been taken, Baize and Secon surfaced, filing, by counsel, an answer to the third-party complaint. It was their first and only appearance in the district court. On September 24, the bank noticed Baize's deposition for November 5. Baize, on October 25, telegraphed his refusal to appear, citing his lack of "proper legal representation at this time in Houston." He confirmed the telegram by letter to the district court, but gave no indication that he was seeking other counsel. On December 6, the district court set January 7, 1974 as the trial date, notifying Baize's attorneys in Houston and Tokyo. The bank immediately served requests for admissions and a motion for expedited discovery on Baize and Secon, and the district court ordered a response to the requested admissions by January 1, 1974. Baize and Secon again demurred, Baize informing the court by letter mailed December 27 that he could not reply to the requests for admissions because necessary documents were in storage in Houston. He further requested that the trial, set for January 7, be continued, because, he explained, he needed time to prepare for a court appearance in Japan on February 14.

On January 7, 1974, the case was called for trial. The defendants' attorney of record renewed the motion for a continuance and at the time filed a motion to withdraw as counsel. Her affidavit in support of the first motion stated that, although she had repeatedly and importunately written to Baize and Secon for instructions, she had received no reply. In support of her second motion, she appended a telegram she had received from Baize to the effect that she was "not retained or authorized to represent undersigned at this time." Both motions were taken under advisement, and the court directed counsel to try again to communicate with her recalcitrant clients. On January 10 the case was again called for trial. The court granted the motion to withdraw and denied the motion for a continuance. The bank then renewed its motion for a default judgment. The court granted the motion and held a hearing on damages. On January 15, 1974, the court entered judgment against Baize and Secon, jointly and severally, on both claims for $82,208 plus costs and attorneys' fees. Two weeks later Baize filed notice of appeal. He did not, at any time, file a motion under Rule 60(b), Fed.R.Civ.P., to have the judgment set aside.

## II

### Jurisdiction

■■ Baize's first contention is that the judgment is void because the district court lacked subject matter jurisdiction over the claims asserted in the bank's third-party complaint. This contention is wholly without merit with respect to the bank's impleader action against Secon and Baize on the contract executed in connection with the letter of credit. Such a claim is within the ancillary jurisdiction of the trial court.[2] See, e. g.,

---

2. Settlement of the main claim did not require dismissal of the ancillary claim. See Southern Milling Co. v. United States, 5 Cir. 1959, 270 F.2d 80; United States v. United Pacific Insurance Co., 9 Cir. 1973, 472 F.2d 792; Pennsylvania Railroad Co. v. Erie Avenue Warehouse

James Talcott, Inc. v. Allahabad Bank, Ltd., 5 Cir. 1971, 444 F.2d 451, cert. den'd 404 U.S. 940, 92 S.Ct. 280, 30 L.Ed.2d 253; Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co., 5 Cir. 1970, 426 F.2d 709; H. L. Peterson Company v. Applewhite, 5 Cir. 1967, 383 F.2d 430; Southern Milling Company v. United States, 5 Cir. 1959, 270 F.2d 80.

▆▆▆ The claim against Baize and Secon on the promissory note, joined with the claim under the contract, stands on a different footing. Although Rule 18(a) of the Federal Rules of Civil Procedure permits a party asserting a third-party claim to "join, either as independent or as alternative claims, as many claims . . . as he has against an opposing party", the joined claims must of course meet federal jurisdictional requirements. There must be either an independent jurisdictional basis for the joined claim or it must fall within the ancillary jurisdiction of the court. United States v. United Pacific Insurance Co., 9 Cir. 1973, 472 F.2d 792, cert. den'd 411 U.S. 982, 93 S.Ct. 2273, 36 L.Ed.2d 958; Schwab v. Erie Lackawanna R. R. Co., 3 Cir. 1971, 438 F.2d 62; 3 Moore, Federal Practice ¶ 14.25 at 14–531 (1974); C. Wright, Federal Courts § 76 at 334 (1970). The appellee implicitly concedes the absence of an independent jurisdictional basis over the claim,[3] but contends that it falls within the ancillary jurisdiction of the court. This position is untenable.

▆▆▆ A claim is ancillary "when it bears a logical relationship to the aggregate core of operative facts which constitutes the main claim over which the court has an independent basis of federal jurisdiction." Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co., 5

Cir. 1970, 426 F.2d 709, 714. In that case, we said, further:

[I]t appears that a claim has a logical relationship to the original claim if it *arises* out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.

426 F.2d at 715.

▆▆ This claim was based on a demand note that lacks the requisite logical relationship either to the main claim or to the bank's impleader claim against Secon and Baize. It falls outside the pale of ancillary jurisdiction as outlined by this Court in *Revere*. The judgment against Secon and Baize on the promissory note is, accordingly, void for want of subject matter jurisdiction.

### III

### *The Merits*

The appellant's second contention assaults the judgment on its merits and focuses on the form of Baize's signature on the contract:

"South East Construction Co., Ltd. (Handwritten)

By: (Printed) Jack D. Baize (Handwritten)"

Baize argues that this form of signature demonstrates that he was not a party to the contract and that he signed only as an agent of Secon. For this reason, he argues, the district court was in error in holding him personally liable on the contract. HNB's response is that

Co., 3 Cir. 1962, 302 F.2d 843; Dery v. Wyer, 2 Cir. 1959, 265 F.2d 804. But cf. United Mine Workers of America v. Gibbs, 1966, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218.

**3.** There is nothing in the pleadings or in the record to show diversity of citizenship. The allegation that Baize is not a resident of Texas was apparently made to obtain service of process under the Texas long arm statute and is certainly insufficient to show that Baize is not a citizen of Texas, that he is a citizen of a state other than Texas, or that he is an alien. Cf. Delome v. Union Barge Line Company, 5 Cir. 1971, 444 F.2d 225, 233, cert. denied 404 U.S. 995, 92 S.Ct. 534, 30 L.Ed.2d 547; 2A Moore's Federal Practice ¶ 8.10 at 1661–62 (1974).

a default judgment entered on the well-pleaded allegations in a complaint establishes a defendant's liability and that Baize's appeal is but an improper attempt to relitigate on appeal a matter concluded against him by his default.

■ Attempts by a defendant to escape the effects of his default should be strictly circumscribed; he should not be given the opportunity to litigate what has already been considered admitted in law. See Trans World Airlines, Inc. v. Hughes, S.D.N.Y., 38 F.R.D. 499, 501, aff'd 2 Cir., 449 F.2d 51, rev'd on other grounds 405 U.S. 915, 92 S.Ct. 960, 30 L.Ed.2d 785. The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. Ohio Central Railroad Company v. Central Trust Company of New York, 1889, 133 U.S. 83, 10 S.Ct. 235, 33 L.Ed. 561; Thomson v. Wooster, 1884, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105; Trans World Airlines, Inc. v. Hughes, 2 Cir. 1971, 449 F.2d 51, 63–64, rev'd on other grounds, 1973, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed 577.[4] A default judgment is unassailable on the merits but only so far as it is supported by *well-pleaded* allegations, assumed to be true. Thomson v. Wooster, 1884, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105.

■ The corollary of this rule, however, is that a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.[5] As the Supreme Court stated in the "venerable but still definitive case"[6] of Thomson v. Wooster: a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill." 114 U.S. at 113, 5 S.Ct. at 792, 29 L.Ed. at 108. The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law. In short, despite occasional statements to the contrary,[7] a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. Thomson v. Wooster; Ohio Central Railroad Company v. Central Trust Company of New York; 10 Wright & Miller, Federal Practice and Procedure 282. On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment. Ohio Central Railroad Company v. Central Trust Company of New York; Thomson v. Wooster.

■ The appellant's contention on this appeal is that not only do the pleadings fail to support the judgment rendered against Baize but that they disclose on their face a fact that would defeat the appellee's claim. We agree. HNB attached to the complaint the "Commercial Letter of Credit Application and Agreement", making it a part of the pleadings for all purposes. See Rule 10(c), Fed.R.Civ.P. The appellee's general averment that Secon and Baize entered into a contract and that they are liable on that contract, is contradicted and controlled by the contract showing that Baize signed only as an agent. See generally, Simmons v. Peavy-Welsh Lumber Co., 5 Cir. 1940, 113 F.2d 812, cert. denied 311 U.S. 685, 61 S.Ct. 63, 85

4. Accord United States v. Borchers, 2 Cir. 1947, 163 F.2d 347; Hopkins v. McClure, 10 Cir. 1945, 148 F.2d 67; United States ex rel. Motley v. Rundle, E.D.Pa.1972, 340 F.Supp. 807; 10 Wright & Miller, Federal Practice and Procedure § 2688 (1973).

5. We do not consider here the possibility that otherwise fatal defects in the pleadings might be corrected by proof taken by the court at a hearing. See, Ohio Central Railroad Company v. Central Trust Company of New York; Thomson v. Wooster.

6. Trans World Airlines, Inc. v. Hughes, 449 F.2d at 63.

7. Fehlaber v. Indian Trails, Inc., 3 Cir. 1970, 425 F.2d 715; United States v. Borchers, 2 Cir. 1947, 163 F.2d 347; 3 Barron and Holtzoff, Federal Practice and Procedure § 1216 at 85, 86 (1958).

L.Ed. 442; 2A Moore's Federal Practice ¶ 10.06 at 2016 (1974).

Construction of this contract must begin with the presumption that if an agent signs a contract for a disclosed principal, he does not intend to make himself a party to the instrument. 2 Tex.Jur.2d Agency § 154 (1959). See Heffron v. Pollard, 1889, 73 Tex. 96, 11 S.W. 165. This presumption is unambiguously supported by the signature form used by Baize, one uniformly regarded as indicating that the principal alone and not the agent is a party to the contract. See Brackenridge v. Claridge, 1898, 91 Tex. 527, 44 S.W. 819; Latham v. Houston Flour Mills, 1887, 68 Tex. 127, 3 S.W. 462; First State Bank of Roby v. Hilbun, Tex.Civ.App.1933, 61 S.W.2d 521; Roper v. Alamo Oil & Refining Co., Tex.Civ. App.1926, 284 S.W. 305. Professor Seavey states:

> [I]f there is no indication as to the parties before the signature, the agent's name either before or after the principal's name as 'Agent of P' of 'Agent for P' or 'P by A' . . . indicates that the principal is and the agent is not a party.

The Law of Agency at 122.

Unless an ambiguity is created by some contrary manifestation in the body of the instrument itself, parol evidence is not admissible to show that the agent is or the principal is not a party to the instrument, except where the plaintiff seeks to reform the contract. Brackenridge v. Claridge, 1898, 91 Tex. 527, 44 S.W. 819; Heffron v. Pollard, 1889, 73 Tex. 96, 11 S.W. 165; R.S.2d Agency, § 323, approved in Cavaness v. General Corporation, 1955, 155 Tex. 69, 283 S.W.2d 33, W. Seavey, The Law of

Agency § 70 at 121 (1964). The rule, in Professor Seavey's language, is that:

> If the parties are spelled out unambiguously, as where the agent signs 'P by A' or 'A for P', parol evidence can not be introduced to [show] the intent to make the agent a party or the principal not a party, except where reformation is sought.

The Law of Agency at 121.[8]

Nothing appears in this contract to contradict the inference raised by Baize's signature. The contract form is printed. Apart from the handwritten entries that indicate that the letter of credit was to be for the account of Secon, nothing in the contract before the signature gives any indication as to who are the intended parties. The terms of the contract are boilerplate and neutral in this respect.

The appellee nonetheless attempts to bring himself within the reasoning of Seale v. Nichols, Tex.Sup.Ct.1974, 505 S.W.2d 251, a case requiring construction of the following signature on a promissory note:

THE FASHION BEAUTY SALON
Carl V. Nichols

/s/ Carl V. Nichols

But this form of signature contrasts significantly with that employed by Baize. See, e. g., R.S.2d Agency § 156, Comment (a). Indeed the Court in Seale specifically noted that "the note does not show that Nichols signed in a representative capacity; i. e. the word 'by', or other similar word, does not appear before his signature." 505 S.W.2d at 253. The appellee responds to this point of distinction by arguing that had the legend "South East Construction Co., Ltd." been omitted, the word "by" would have had no legal effect, and that accordingly it should have no legal effect here. The

---

8. The Restatement of Agency, originally reported by Professor Seavey, illustrates the rule thus:

> The integrated memorandum of a contract made by A with T is signed 'P by A, Agent'. Except for the purpose of reformation, parol evidence is not admissible to show that A is party to the contract.

R.S.2d Agency § 323, Comment on Subsection (1), Illustration 2.

Although the signature form employed by Baize omits the descriptive term "agent", the pleadings and the record leave no doubt whatever that Baize had disclosed the fact of his agency to the bank.

thrust of this argument is that the word "by", because printed, should be ignored by a court construing the contract. The logic of this contention eludes us. The contract is, we conclude, unambiguous in its legal effect.[9] It binds only Secon. The complaint, to the extent that it seeks relief against Baize on that contract, is incapable of supporting the default judgment.

## IV

### Conclusion

The conclusions we reach require dismissal of the claim on the promissory note. We vacate so much of the judgment as purports to hold Baize liable on the contract. On remand, the district court should permit the bank, if it chooses, to amend its complaint to state a claim against Baize.

Vacated and remanded with directions.

---

**9.** Baize's signature on the promissory note was, by contrast, equally unambiguous in making Baize a party to that instrument:

South East Construction Co., Ltd.
/s/ Jack D. Baize
By: Jack D. Baize, individually and on behalf of South East Construction Co., Ltd.