**Teresa BRUCE, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**Civ. A. No. 1:88–CV–1540–JOF.**

United States District Court,
N.D. Georgia.

Oct. 6, 1988.

William J. Wright, Columbus, Ga., for plaintiff.

Edward Scott Smith, John Lauchlin Monroe, Ford & Harrison, Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This matter is before the court on defendant/counterclaimant Wal–Mart Stores, Inc.'s motion for default judgment.[1] Fed. R.Civ.P. 55.

### I. STATEMENT OF FACTS.

Plaintiff's complaint, alleging damages for malicious prosecution and abuse of process, was filed June 16, 1988 in the Superior Court of Fulton County, Georgia. By petition filed July 20, 1988, this action was removed to this court pursuant to 28 U.S.C. § 1446(c). The court's subject matter jurisdiction is premised upon 28 U.S.C. § 1332 (diversity).[2]

The present motion is directed toward defendant's two-count counter-claim. Count One is brought pursuant to O.C.G.A. § 9–15–14(a) for attorney's fees. Count Two seeks enforcement of a restitution note executed between the parties January 20, 1987.

1. Default was entered against plaintiff/counterclaim defendant by the Clerk of Court August 24, 1988.

2. Plaintiff is a citizen of the State of Georgia. Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas.

## II. CONCLUSIONS OF LAW.

In considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint. *Nishimatsu Construction Company, Ltd. v. Houston National Bank,* 515 F.2d 1200, 1206 (5th Cir.1975). While the factual allegations of plaintiff's complaint are deemed admitted, there must be a sufficient legal basis in the pleadings for entry of default judgment. *Id.* "The defendant is not held to admit facts that are not well pleaded or to admit conclusions of law." *Id.*

### A. *Count One.*

■ As noted above, Count One of defendant's counter-claim is brought pursuant to O.C.G.A. § 9–15–14(a). This statute provides in relevant part,

> In any civil action *in any court of record in this state,* reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense or other position.

As the underscored language indicates, section 9–15–14 is unavailable to civil litigants in federal court. *See Union Carbide Corp. v. Tarancon Corp.,* 682 F.Supp. 535, 544 (N.D.Ga.1988) (Hall, J.). Accordingly, this aspect of defendant's motion for default judgment must be denied.

### B. *Count Two.*

Defendant's second counter-claim is brought for enforcement of a restitution note executed between the parties January 20, 1987. This note obligates plaintiff to pay defendant a total of $300, payable in six equal and successive monthly payments

---

of $50. Answer, Exhibit 2. Defendant alleges that plaintiff made the initial $50 payment and thereafter defaulted on the note and thus seeks judgment in the amount of $250 plus interest and "all expenses associated with collection under the note including, but not limited to, court costs and reasonable attorney's fees incurred." Answer, ¶¶ 17–18.

■ The allegations of defendant's second counter-claim, deemed admitted for the purposes of this motion, demonstrate both the existence of the restitution note and its breach by plaintiff. Accordingly, the court finds that defendant has demonstrated its entitlement to judgment on this count and thus defendant's motion is GRANTED as to Count Two. Defendant is entitled to damages in the principal amount of $250; pre-judgment interest at a rate of ten percent per annum [3] measured from the date of plaintiff's default on the note to the date of this order; post-judgment interest at a rate consistent with 28 U.S.C. § 1961(a); and its reasonable expenses incurred in prosecuting its counterclaim. Defendant's request for attorney's fees is DENIED for failure to comply with O.C.G.A. § 13–1–11(a)(3).[4]

## III. CONCLUSION.

In sum, defendant's motion for default judgment is GRANTED IN PART and DENIED IN PART. As to Count One, defendant's motion is DENIED. As to Count Two, defendant's motion is GRANTED except as to his request for attorney's fees. Defendant is entitled to judgment on Count Two of his counter-claim in the principal amount of $250; pre-judgment interest at a rate of ten percent per annum measured from the date of plaintiff's default on the note to the date of this order; post-judgment interest at a rate consistent with 28 U.S.C. § 1961(a); and its reasonable ex-

---

**3.** The restitution note obligates plaintiff to pay interest in this amount. *Id.*

**4.** This subsection provides "the holder of the note ... or his attorney at law shall, after maturity of the obligation, notify in writing the maker ... that the provisions relative to payment of

attorney's fees in addition to the principal and interest shall be enforced and that such maker ... has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees.

penses incurred in prosecuting its counter-claim.

SO ORDERED.