NATIONAL BENEFIT ADMINISTRATORS, INC., on Behalf of NATIONAL BUSINESS ASSOCIATION TRUST, Plaintiff,

v.

MISSISSIPPI METHODIST HOSPITAL AND REHABILITATION CENTER, INC., Defendant,

v.

LAUREL COCA–COLA BOTTLING COMPANY, Samuel Johnson and Derron Johnson, Third–Party Defendants.

Civ. A. No. J89–0532(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 12, 1990.

See also 748 F.Supp. 459.

Neville H. Boschert, Watkins, Ludlam & Stennis, Jackson, Miss., for plaintiff.

Luther M. Thompson, Otis Johnson, Jr., John B. MacNeill, Heidelberg, Woodliff & Franks, Jackson, Miss., and David M. Ratcliff, Pack, Ratcliff & Ratcliff, Laurel, Miss., for Laurel Coca–Cola Bottling Co.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

*Procedural History*

Plaintiff, National Benefit Administrators, Inc. (NBAT), brought this action against defendant, Mississippi Methodist Hospital and Rehabilitation Center (MMHRC), for recovery of health insurance benefit payments made for the benefit of third-party defendant Derron Johnson. Plaintiff is the administrator of an employee health benefits plan of which Samuel Johnson, an employee of Laurel Coca–Cola Bottling Company, is a participant. NBAT's complaint alleged that it made payments to MMHRC for the treatment of Derron Johnson, Samuel Johnson's son, based on the mistaken belief that he was a qualified dependent under the terms of the plan. After paying MMHRC over $64,000 in benefit payments, the complaint alleged, NBAT learned that Johnson and his father, third-party defendant Samuel Johnson, had misrepresented Derron's age and that he was not entitled to benefits. Plaintiff sought recovery of the mistaken payments from MMHRC under ERISA and state common law. The complaint set forth both federal question and diversity as bases of jurisdiction.

In response to the complaint, MMHRC asserted a counterclaim for $11,455, the amount still due on Johnson's account, alleging that NBAT had misrepresented to MMHRC that Derron Johnson was covered under the plan. MMHRC subsequently brought a third-party action pursuant to Federal Rule of Civil Procedure 14 against Laurel Coca–Cola and the Johnsons for indemnification of any amounts which MMHRC might be required to pay to plaintiff. In its claim against Laurel Coca–Cola, MMHRC alleged that it had admitted Derron Johnson and incurred expenses for his medical treatment in reliance upon a misrepresentation by Laurel Coca–Cola as to coverage. In addition to indemnity, MMHRC also sought recovery of the amount still owing on the account from both Laurel Coca–Cola and the Johnsons.

Subsequently, by a memorandum opinion and order dated July 26, 1990, this court dismissed all of NBAT's claims against MMHRC. Thus, MMHRC no longer has any indemnification claim against either third-party defendant. The only remaining claims in this litigation are MMHRC's claims against NBAT, Laurel Coca–Cola and the Johnsons for the balance due on Derron Johnson's account. Presently before the court is the motion of Laurel Coca–Cola to dismiss the remaining claim against it for lack of subject matter jurisdiction. MMHRC has responded to the motion, and the court has considered the memoranda with attachments submitted by the parties in ruling on the motion.

*Analysis*

NBAT is a non-resident; the remaining parties—MMHRC, Laurel Coca–Cola and the Johnsons—are residents of the state of Mississippi. Laurel Coca–Cola

argues that this court does not have jurisdiction over the remaining third-party claim because the relief sought thereby is less than the jurisdictional amount for diversity cases. Apparently, Laurel Coca–Cola is under the impression that the basis of jurisdiction over the third-party complaint is diversity. This is not the case, as both MMHRC and Laurel Coca–Cola are Mississippi residents. Rather, the basis of jurisdiction is ancillarity. This court had jurisdiction over MMHRC's third-party claim for indemnity because that claim was ancillary to NBAT's primary claims against MMHRC, for which there were independent bases for federal jurisdiction. *See Rogers v. Aetna Casualty and Sur. Co.*, 601 F.2d 840 (5th Cir.1979). Once a federal court has jurisdiction over a third-party indemnity claim, it also has jurisdiction over other state law claims asserted by the third-party plaintiff against the third-party defendant[1] if those additional claims are also ancillary to the federal claim (i.e., the claim for which there is an independent basis for federal jurisdiction) in the sense that they arise out of the same nucleus of operative fact as does the federal claim. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205 (5th Cir.1975). The remaining claim asserted by MMHRC against Laurel Coca–Cola meets this test, the common nucleus of operative fact being the alleged misrepresentations as to coverage and NBAT's consequent mistaken payments of claims to MMHRC. Dismissal of the claims to which the third-party claims were ancillary did not destroy jurisdiction over the third-party claims. *See Putnam v. Williams*, 652 F.2d 497, 502 (5th Cir. 1981).

 However, that the court has the power to adjudicate the remaining claim against Laurel Coca–Cola does not necessarily mean that exercise of this power is proper. The real issue at this stage of the litigation is not the existence of jurisdiction but, rather, whether this court should, in its discretion, decline to exercise that jurisdiction over the remaining third-party

claims—those against both Laurel Coca–Cola and the Johnsons—now that the federal claims to which they were ancillary have been dismissed. The principal Fifth Circuit case on this issue, *Joiner v. Diamond M. Drilling Co.*, 677 F.2d 1035 (5th Cir.1982), states that there is a strong presumption in favor of dismissal of lingering ancillary claims. *Id.* at 1044. However, considerations of judicial economy, convenience and fairness to the litigants, and comity may nevertheless indicate that retention is appropriate in a given case. *Id.* at 1042–43 (relying on pendent jurisdiction analysis of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

The court concludes that the presumption in favor of dismissal is overcome in the present case by the consideration of judicial economy. This case is somewhat unusual in that, although the claims to which the remaining third-party claims were ancillary have been dismissed, there nevertheless remains for adjudication the state law counterclaim of MMHRC against NBAT, for which there is the independent jurisdictional basis of diversity. This claim, like MMHRC's claims against Laurel Coca–Cola and the Johnsons, is for the balance due on Derron Johnson's account. In all of the remaining claims, MMHRC asserts that the opposing party is liable for this amount because of misrepresentations which led MMHRC to believe that Derron Johnson was entitled to benefits. Trial of these claims no doubt will involve presentation of much of the same evidence. Moreover, these are garden-variety state law claims for which this court will in all likelihood have little difficulty determining the applicable rule of state law. *Cf. id.* at 1044 (indicating that existence of novel and complex questions of state law weighs in favor of dismissal). In short, the court is of the opinion that retention of these claims will best serve the interest of judicial economy, the *raison d'etre* of ancillary jurisdiction, *id.* at 1042, and will also be the most convenient for the parties, since all relevant fac-

---

1. Joinder of additional claims against the third-party defendant is provided for in Rule 18(a) of the Federal Rules of Civil Procedure.

tual issues will be resolved at once, eliminating the possibility of conflicting determinations in state and federal court. The court recognizes that at some future point dismissal of the ancillary claims may be required. *Cf. United Mine Workers v. Gibbs,* 383 U.S. 715, 727, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (issue of whether pendent jurisdiction has been properly assumed remains open throughout litigation).[2] However, the court concludes that the best course at this juncture is to retain the ancillary third-party claims.

Accordingly, Laurel Coca–Cola's motion to dismiss is hereby denied.

SO ORDERED.

---

**2.** For example, reevaluation would certainly be in order if MMHRC's counterclaim against

NBAT were to be dismissed before trial.