**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAULL ANDERSON,
Plaintiff-Appellee,

v.

FOUNDATION FOR ADVANCEMENT,
EDUCATION AND EMPLOYMENT OF
AMERICAN INDIANS, an Eleemosynary            No. 99-1508
Corporation; H. NICHOLAS JOHNSON,
Defendants-Appellants,

and

EDWARD M. MEZVINSKI,
Defendant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CA-94-57-A)

Submitted: July 27, 1999

Decided: August 10, 1999

Before ERVIN, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Thomas Dillard, RITCHIE, FELS & DILLARD, P.C., Knox-
ville, Tennessee, for Appellants. Paull Anderson, Appellee Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Foundation for Advancement, Education and Employment of American Indians and its president, Nicolas Johnson (hereinafter "Foundation"), appeal the district court's order awarding damages and fees to Paull Anderson following the entry of default judgment against the Foundation. Having reviewed the parties' informal briefs and the record of the district court, we find no error. Accordingly, we affirm.

The Foundation first claims that the district court's award of $1,108,708.80 in compensatory damages was not supported by the record. The Foundation asserts that Anderson artificially inflated the values of the transactions he facilitated in order to increase his finder's and brokerage fees. However, as we stated in our prior opinion, the Foundation explicitly waived its right to challenge these values in its appellate briefs and at oral argument. See Anderson v. Foundation for Advancement Educ. & Employment of Am. Indians , 155 F.3d 500, 507 (4th Cir. 1998). Accordingly, we affirm the district court's award of compensatory damages.

The Foundation next claims that the district court's award of $350,000.00 in punitive damages was in error. It claims that Anderson failed to show that the Foundation acted "with malice or with an intent to defraud." (Appellant's informal brief at 15). This argument is misplaced; the appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein. See Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). After reviewing Anderson's opening complaint before the district court, we believe that his claim of fraud in the inducement as pled in Count II was sufficient to support the imposition of punitive damages. Because the award of $350,000.00 in punitive damages was in proportion to the compensatory damages

2

award, see Johnson v. Hugo's Skateway, 974 F.2d 1408, 1418 (4th Cir. 1992), and otherwise comported with the applicable Virginia statutes, we affirm the award. See Va. Code Ann.§ 8.01-38.1 (Michie 1992).

Finally, the Foundation challenges the district court's award of attorney's fees. Default judgment in this matter was entered following Anderson's motion for sanctions because of the Foundation's failure to cooperate in discovery. The Federal Rules of Civil Procedure provide for the award of reasonable attorney's fees associated with the costs of compelling discovery. See Fed. R. Civ. P. 37(a)(4)(A). Because the attorney's fee award was litigated in the first appeal, it may not be relitigated now. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). In any event, the award was not unreasonable given the Foundation's numerous efforts to obstruct the discovery process as evidenced by the record.

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3