[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2009
THOMAS K. KAHN
CLERK

No. 08-12374
Non-Argument Calendar

_____

D. C. Docket No. 04-20467-CR-PAW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY LEE MORRIS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 29, 2009)

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

Johnny Lee Morris, Jr., a federal prisoner proceeding pro se, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendments 591 and 599 to the Sentencing Guidelines. No reversible error has been shown; we affirm.

In his section 3582(c)(2) motion, Morris -- who, in 2005, was sentenced to a total of 130 months' imprisonment for bank robbery and firearm offenses -- argued that Amendments 591 and 599 lowered his sentencing range and that the district court failed to apply either amendment at his original sentencing. The district court denied Morris's motion because Amendments 591 and 599 took effect before his sentencing.

On appeal, Morris argues that the district court abused its discretion in denying his section 3582(c)(2) motion by not applying Amendments 591 and 599 to his case and by failing to consider the sentencing factors in 18 U.S.C. § 3553(a). We review the denial of a section 3582(c)(2) motion for an abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005).

A district court may reduce a term of imprisonment already imposed only if (1) the defendant was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission and (2) such a reduction is consistent with the applicable policy statements issued by the

Commission. 18 U.S.C. § 3582(c)(2). According to the applicable policy statement, a defendant is eligible for retroactive application of a subsequently enacted guideline amendment if the amendment is listed in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(a), p.s.

While both Amendments 591 and 599 are listed as amendments covered by the policy statement and can be applied retroactively, these amendments took effect on 1 November 2000: years before Morris was sentenced. See U.S.S.G., App. C., Amend. 607. Thus, these amendments did not have the effect of subsequently lowering Morris's guidelines range after his sentence was imposed. Accordingly, we conclude that the district court abused no discretion in denying Morris's section 3582(c)(2) motion because it had no basis on which to reduce Morris's sentence.[*]

AFFIRMED.

---

[*]We reject Morris's argument that he was entitled to a default judgment because the government did not timely respond to his section 3582(c)(2) motion. The government's failure to respond by the deadline set out by the district court did not require the district court to enter a default judgment against the government because the pleadings failed to provide a proper basis to grant Morris's motion. See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (a party's default by itself does not warrant the entry of a default judgment unless there is "a sufficient basis in the pleadings for the judgment entered").