PITTMAN, Judge,
concurring specially.
“[A]n entry of a default judgment under Rule 55(b)(2), Ala. R. Civ. P., is a matter entrusted to the sound discretion of the trial court,” and “a movant is not entitled to a default judgment as a matter of right.” City of Gulf Shores v. Harbert Int’l, 608 So.2d 348, 357-58 (Ala.1992). In interpreting the analogous federal rule, the United States Court of Appeals for the Fifth Circuit noted in Nishimatsu Construction Co. v. Houston National Bank, 515 F.2d 1200 (5th Cir.1975), that “a defendant’s default does not in itself warrant the court in entering a default judgment” and that “[t]here must be a sufficient basis in the pleadings for the judgment entered.” 515 F.2d at 1206. Moreover, “[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law,” nor is a default “treated as an absolute confession by the defendant of his liability and of the plaintiffs right to recover.” Id.
Because I agree that the sole aspect of the judgment at issue that is preserved and properly presented for this court’s review is the denial of the motion for a default judgment, and because I perceive no error as to that ruling, I concur.