# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30907
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2014

Lyle W. Cayce
Clerk

ROSE MEYER

Plaintiff-Appellant

v.

FRED M. BAYLES; JOANNE CALDWELL, FORMERLY MARRIED TO
FRED M. BAYLES; SUSAN SWINEA; ARBOR TERRACE OF LOUISIANA,
INCORPORATED,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:12-CV-43

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

This is an appeal from the district court's order denying a motion for default judgment and dismissing all claims. Finding no error, we AFFIRM.

Rose Meyer sued The Arbor and Terrace Senior Center of Ruston, LLC ("the LLC") for discriminatory termination. When the LLC failed to appear, Meyer obtained a default judgment in the amount of $82,333.00. Because she

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30907

has been unable to collect her judgment against the LLC, Meyer brought the present action against its principals and its successor corporation. Meyer alleges that the successor corporation, Arbor Terrace, is a shell corporation and that the LLC's principals transferred the assets into the new corporation to avoid the debt. She asserts that the defendants should be liable for the default judgment against the LLC. The claims against two defendants, Swinea and Caldwell, were dismissed with prejudice. The claim against Bayles was stayed during the pendency of a bankruptcy action. Arbor Terrace never appeared. After the court filed an intent to dismiss Arbor Terrace for failure to take default 60 days after service, Meyer filed a motion for default judgment. The district court denied the motion for default judgment and gave notice of its intent *sua sponte* to dismiss the case in its entirety. After considering Meyer's supplemental brief, the district court dismissed the case with prejudice.

## STANDARD OF REVIEW

This court reviews a district court's grant of a motion to dismiss *de novo*. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). A denial of a motion to enter default judgment is reviewed for abuse of discretion. *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 179 (5th Cir. 2007). After 14 days have elapsed since the Clerk's entry of default, a plaintiff may move for default judgment under Federal Rule of Civil Procedure 55(b). "There must be sufficient basis in the pleadings" for the entering of a default judgment, and the court must accept the well-pleaded factual allegations in the plaintiff's complaint. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## DISCUSSION

The district court held that a default was properly entered because Arbor Terrace failed to defend the suit by filing a sufficient answer, but it refused to enter a default judgment. The district court determined that Meyer's action,

No. 13-30907

while not well articulated in the complaint, most closely resembles a revocatory action in which an obligee annuls an act of the obligor that causes the obligor's insolvency. *See Traina v. Whitney Nat'l Bank*, 109 F.3d 244, 247-48 (5th Cir. 1997). Under Louisiana law, a revocatory action requires the obligee to prove that the transaction was "made or effected after the right of the obligee arose and caused or increased by the obligor's insolvency." *Id.* at 247. The obligee must also prove prejudice, injury, or damage as a result of the act. *Parish Nat'l Bank v. Wilks*, 2004-1439 (La. App. 1 Cir. 8/3/05), 923 So. 2d 8, 15.

The district court concluded that Meyer failed to carry her burden of proving prejudice because documents offered by Meyer to prove the asset transfer show that Kilpatrick Life Insurance Company has a preferred claim against the property of the LLC in the amount of $5,500,000. Because there is no evidence that Arbor Terrace's property is worth an amount in excess of Kilpatrick's preferred claim, the district court concluded that Meyer has not shown any possibility of collecting her judgment, even if the transfer had not occurred. Accordingly, it denied the motion to enter a default judgment.

Meyer contends that the district court abused its discretion because the cash deed transferring the LLC's assets to Arbor Terrace does not reference the actual value of the assets and there was no showing that the LLC was insolvent before the transfer. Neither of these arguments is sufficient to carry Meyer's affirmative burden of demonstrating that she was injured by the transfer. The cash deed recited the assumption of the preferred Kilpatrick claim, and the district court did not abuse its discretion in finding that Meyer had failed to carry her burden.

Meyer's additional arguments are not persuasive. She asserts that under the same statute her complaint could be construed as an "oblique" action, in which a creditor exercises a right belonging to the debtor in the debtor's name. She does not explain how construing the suit in this manner

3

No. 13-30907

overcomes her failure to carry her burden of proving prejudice. Additionally, she asserts that the district court should not have dismissed the claims against Bayles because he, unlike Arbor Terrace, had answered the complaint. Again, this difference does not overcome Meyer's failure to satisfy the threshold elements of the revocatory action. Meyer's failure to show that she was injured by the transfer is fatal to all of her claims. The district court did not abuse its discretion in denying the motion for default judgment, nor was it error to dismiss the case with prejudice. The judgment is AFFIRMED.