[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12874
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-01910-EAK-MAP

YELLOW CAB COMPANY OF ORLANDO, INC.,

Plaintiff-Appellee,

versus

CELEBRATION TRANSPORTATION, INC.,
d.b.a. Celebration Taxi,
d.b.a. The Yellow Cab Company,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 25, 2014)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

I.

On August 15, 2012, Plaintiff brought suit in federal court claiming unfair competition in violation of 11 U.S.C. § 1125(a) and Florida common law and violation of Florida's Deceptive and Unfair Trade Practices Act. Defendant was properly served but did not respond. On October 10, 2012, the clerk entered a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). Plaintiff then moved for the entry of default judgment under Rule 55(b)(2).

On October 17, 2012, Defendant submitted a "Pro Se Motion to Dismiss" through a non-attorney officer of the corporation. This motion was denied on the ground that a corporation could not be represented by a non-attorney in court.

On October 31, 2012, the court referred Plaintiff's pending motion to a magistrate judge. On December 11, 2012, the magistrate scheduled a hearing for January 7, 2013.[1] Defendant was duly notified but did not appear at the hearing.[2] On January 28, 2013, the magistrate recommended an entry of default judgment

---

[1]    The hearing was previously scheduled for December 17, 2012, but the magistrate judge continued it on Plaintiff's motion.

[2]    The transcript indicates that on morning of the hearing, the court received calls from an individual identifying himself as Defendant's corporate representative asking for a continuance and, on the last call, saying that Defendant had secured counsel. The magistrate judge declined to postpone the proceeding.

and an award of damages, injunctive relief, fees, and costs. Defendant did not file any objections. The district court adopted the magistrate's recommendation by order dated February 22, 2013. On February 25, 2013, the court amended its order to correct an error and entered default judgment against Defendant. On March 4, 2013, Defendant filed a notice of appeal through a non-attorney officer. Defendant has since secured counsel to represent it on appeal.

## II.

Defendant asks us to consider whether Plaintiff's complaint and other filings were legally sufficient to support the entry of judgment against it. Defendant also asks us to consider the propriety of the district court's awards of injunctive relief and damages.[3] We decline to consider these arguments raised for the first time on appeal.[4] See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307-08 (11th Cir. 2009); CFTC v. American Commodity Group Corp., 753 F.2d 862 (11th Cir. 1984) (per curiam). Defendant offers no excuse for failing to

---

[3]    Defendant does not challenge the awards of attorney's fees and costs.

[4]    Defendant purported to raise two arguments in its "Pro Se Motion to Dismiss" but did not develop either of them. Specifically, Defendant asserted that there was no likelihood of consumer confusion and no evidence of unfair competition. Even if Defendant had preserved these arguments, they would fail. "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" Eagle Hosp., 561 F.3d at 1298 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Plaintiff pled facts that establish a sufficient likelihood of consumer confusion.

respond, appear, or otherwise participate in the proceedings below.[5] Defendant does not argue that it lacked sufficient notice or opportunity to participate, nor have we seen any such indication in the record. We, furthermore, are not persuaded that any of Defendant's arguments establish a "miscarriage of justice." Ramirez v. Sec'y, U.S. Dep't of Transp., 686 F.3d 1239, 1250 (11th Cir. 2012).

**AFFIRMED.**[6]

---

[5]    Defendant asserts only that it "could not retain counsel," without further explanation.

[6]    Appellant's "Motion for Limited Stay Pending Appeal" is dismissed as moot.