**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-2483**

---

DIRECTV, INCORPORATED,

Plaintiff - Appellant,

versus

RAUL PERNITES,

Defendant - Appellee,

and

JOHN MENHART; MICHAEL BASSHAM; DAVID CURTIS;
CURTIS EDWARDS; STAN MARSH; SOPHIA MITCHELL;
BILL PHOTINOS; DAVID RANDALL,

Defendants.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Rebecca Beach Smith, District
Judge. (CA-03-386)

---

Submitted: August 31, 2006        Decided: September 21, 2006

---

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Howard Robert Rubin, Christian Stephen Genetski, SONNENSCHEIN, NATH
& ROSENTHAL, LLP, Washington, D.C., for Appellant. Raul Pernites,
Appellee Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

DIRECTV appeals a district court's order accepting a magistrate judge's recommendation *inter alia* to dismiss DIRECTV's claims under 18 U.S.C. §§ 2511(1), 2520 (2000), and under 47 U.S.C.A. § 605(e)(4) (West 2001). On appeal, DIRECTV challenges the court's dismissal of these two claims. We vacate and remand.

In the context of a default judgment, "'[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" so a court must "determine whether the well-pleaded allegations in [plaintiff's] complaint support the relief sought in th[e] action." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (internal citations omitted). "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Further, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id.

With respect to DIRECTV's claim under 18 U.S.C. § 2511 and § 2520, the district court accepted the magistrate judge's conclusion that DIRECTV did not have a cognizable claim, finding that the legislative history of the Wiretap Act indicated that the statute was not intended to protect commercial satellite services from surreptitious interceptions by private individuals. While

- 3 -

this appeal was pending, we issued an opinion in <u>DIRECTV, Inc. v.</u> <u>Nicholas</u>, 403 F.3d 223 (4th Cir. 2005), which is dispositive of this claim. In <u>Nicholas</u>, we specifically concluded that DIRECTV could maintain a cause of action under 18 U.S.C. § 2511 and § 2520 against a private individual for the alleged interception of its encrypted satellite transmissions. <u>See also</u> <u>DIRECTV, Inc. v.</u> <u>Pepe</u>, 431 F.3d 162 (3d Cir. 2005) (same). Accordingly, because the district court erred in dismissing DIRECTV's claim under 18 U.S.C. § 2511 and § 2520, for failure to state a claim, we vacate the judgment and remand with respect to this claim.

With respect to 47 U.S.C.A. § 605(e)(4), the district court held that § 605(e)(4) is intended to cover sellers and manufacturers of intercepting devices, not end users, and accordingly dismissed the count for failure to state a claim. In <u>DIRECTV v. Robson</u>, 420 F.3d 532 (5th Cir. 2005), the Fifth Circuit rejected the district court's construction that § 605(e)(4) exempts individual users. 420 F.3d at 543-44. Specifically, the court held § 605(e)(4) pertains to commercial as well as individual users. <u>Id.</u> at 544. We find the reasoning in <u>Robson</u> persuasive and accordingly conclude that § 605(e)(4) does not categorically exempt individual users. We offer no opinion at this time on whether Pernites' alleged actions in removing and inserting pirate access devices and/or inserting illegally programmed access cards into valid DIRECTV receivers qualify as "assembly" and/or "modification"

within the meaning of § 605(e)(4). Accordingly, we vacate judgment on this claim also and remand to the district court for an opportunity to consider in the first instance whether the evidence is sufficient to demonstrate assembly or modification within the meaning of § 605(e)(4).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED