REBECCA BEACH SMITH, CHIEF JUDGE
This matter is before the court on the Motion for Entry of Default Judgment Against Defendant Pandt-Brown ("Motion") filed by Plaintiff Empire Fire & Marine Insurance Company ("Empire"), on June 6, 2018. ECF No. 31. Defendant, Jack Guemple, filed a Response to the Motion on June 19, 2018. ECF No. 33. In its Motion, Empire moves for default judgment against Defendant, Glenda Pandt-Brown, because she failed to file responsive *696 pleadings in this matter. Mot. at 2. Guemple objects, arguing that a default judgment against Pandt-Brown would be irreconcilable with a meritorious outcome on his claim. Resp. at 2. For the reasons below, Plaintiff's Motion is GRANTED.
I.
Generally, if a defendant fails to plead or otherwise defend an action, this court has the discretion to enter default judgment as to that defendant. Fed. R. Civ. P. 55 ; see Music City Music v. Alfa Foods, Ltd., 616 F.Supp. 1001, 1002 (E.D. Va. 1985). Prior to entering default judgment, "the [c]ourt must ensure that: (1) it possesses personal jurisdiction over the defaulting party; (2) it possesses subject-matter jurisdiction over each of the claims; (3) the action is in the proper venue; and, (4) the defaulting party received proper service of process." Victoria Select Ins. Co. v. R & G Trans., No. 3:16cv624, 2017 WL 5158684, at *3 (E.D. Va. Sept. 7, 2017). The court must also determine whether the allegations in the plaintiff's complaint "support the relief sought in th[e] action." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). A "defendant, by h[er] default, admits the plaintiff's well-pleaded allegations of fact." DIRECTV, Inc. v. Pernites, 200 F. App'x 257, 258 (4th Cir. 2006) (brackets omitted) (quoting Ryan, 253 F.3d at 780 ).
Where there are multiple claims or parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In the context of insurance disputes, the Fourth Circuit has stated that "[w]hen an insurer initiates a declaratory judgment action against both an injured third party and its insured, the injured third party acquires standing-independent of that of the insured-to defend itself in the declaratory judgment proceeding." Penn Am. Ins. Co. v. Valade, 28 F. App'x 253, 257 (4th Cir. 2002) ; Miller v. Augusta Mut. Ins. Co., 157 F. App'x 632, 637-38 (4th Cir. 2005) ; Vermont Mut. Ins. Co. v. Everette, 875 F.Supp. 1181, 1184 (E.D. Va. 1995) ; see also Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1190 (9th Cir. 2009) ; Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co., 978 F.2d 430, 432 (8th Cir. 1992) ; Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 354 (3d Cir. 1986) ; Hawkeye-Sec. Ins. Co. v. Schulte, 302 F.2d 174, 175 (7th Cir. 1962).
Accordingly, "a default judgment against one defendant does not preclude a codefendant from contesting the plaintiff's claim," Pfanenstiel Architects, Inc., 978 F.2d at 432, and a non-defaulting defendant is not bound by the facts deemed admitted because of a codefendant's failure to appear. The Mary, 13 U.S. (9 Cranch) 126, 143, 3 L.Ed. 678 (1815) (Marshall, C.J.). It is a long-established principle that "[i]n the same cause, a fact, not controverted by one party, who does not appear, and therefore, as to him taken for confessed, ought not, on that implied admission, to be brought to bear upon another who does appear, does controvert, and does disprove it." Id.; see also Mendez, 585 F.3d at 1190 (holding that "a default judgment against an insured policyholder, ... should not prevent an injured third party ... from proceeding on [his] own behalf" and an injured third party is not "precluded by the default of [the insured] ... from presenting [his] arguments and having them adjudicated on the merits"); Rauscher, 807 F.2d at 354 (holding that the default of the insured does not impact the injured party's ability to defend itself in a declaratory judgment action by the insurer); Schulte, 302 F.2d at 175 (rejecting the argument of the insurer that "through the default of [the insured,] the allegations of the complaint are to be taken as true" and holding *697 that "[s]ince [the injured] was a proper party, the default of [the insured] defendants may not preclude [the injured's] right in this respect").
II.
In this case, default judgment against Pandt-Brown is appropriate. Pandt-Brown was properly served with Empire's Complaint on November 16, 2017. Aff. Compliance, ECF No. 7; Mot. Default J. Exs. 2-3, ECF Nos. 31-2, 31-3. However, she has not yet responded, and the time for doing so has long passed. See Fed. R. Civ. P. 12(a)(1) (requiring a responsive pleading within twenty-one (21) days).[1] As such, all of the factual allegations in Empire's Complaint and the supporting exhibits are deemed admitted in relation to her. DIRECTV, 200 F. App'x at 258. That Complaint contained a statement of the court's jurisdiction, Compl. ¶¶ 8-9, ECF No. 1, the claim entitling Empire to relief, Compl. ¶¶ 30-32, and a demand for such relief, Compl. at 7. Fed. R. Civ. P. 8 (a) (outlining pleading requirements). Furthermore, the Complaint establishes facts supporting this court's (1) personal jurisdiction over Pandt-Brown as a domiciliary of Virginia, (2) subject matter jurisdiction pursuant to 28 U.S.C. § 1332 under diversity of citizenship,[2] and (3) proper venue under 28 U.S.C. § 1391(b) (3).[3] See Compl. ¶¶ 9-11. Accordingly, the court will address whether there is "a sufficient basis in the pleadings for the judgment." DIRECTV, 200 F. App'x at 258 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ).
To determine whether Empire's pleadings provide a sufficient basis for declaratory judgment, the court applies New York law. Because jurisdiction is based upon the diversity of citizenship, the court must apply the substantive law of the forum state, including the forum state's choice of law rules. Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) ; Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) ; Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 623-24 (4th Cir. 1999). Here, the forum state is Virginia. "Under Virginia law, the place where an insurance contract is written and delivered controls issues as to its coverage." Id. Pandt-Brown executed the rental agreement and accompanying insurance *698 contract in New York; therefore, New York law governs.
In New York, "[a]n insurance agreement is subject to principles of contract interpretation." Universal Am. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 25 N.Y.3d 675, 37 N.E.3d 78, 80 (N.Y. 2015). Under these principles, policy exclusions "must be specific and clear in order to be enforced." Seaboard Sur. Co. v. Gillette Co., 64 N.Y.2d 304, 486 N.Y.S.2d 873, 476 N.E.2d 272, 275 (N.Y. 1984). Additionally, "[a]mbiguities in an insurance policy are ... to be construed against the insurer, particularly when found in an exclusionary clause." Ace Wire & Cable Co., Inc. v. Aetna Cas. & Sur. Co., 60 N.Y.2d 390, 469 N.Y.S.2d 655, 457 N.E.2d 761, 764 (N.Y. 1983).
Empire's pleadings provide that Pandt-Brown "elected Supplemental Liability Protection, which insurance was provided by ... Empire." Compl. ¶ 13. The Complaint further provides that the Supplemental Liability Protection clearly excluded from its coverage "[l]oss arising out of an 'accident' which occurs while the 'insured' is under the influence of alcohol." Compl. Ex. 2 at 8. The Complaint further alleges that Pandt-Brown was under the influence of alcohol at the time of the accident. Compl. ¶ 17; Compl. Ex. 6 at 1. In sum, the Complaint provides sufficient factual allegations, if true, to support that there was a valid insurance agreement, that the agreement contained a clear and unambiguous exclusion for losses arising out of a collision occurring when the insured was under the influence of alcohol, and that Pandt-Brown fell within the scope of that valid exclusion. Accordingly, "the well-pleaded allegations in [Empire's] [C]omplaint support" that it "has no duty to defend ... Pandt-Brown for the claims asserted against" her and that "Empire has no duty to provide insurance coverage benefits to ... Pandt-Brown ... for losses and/or damages ... allegedly arising out of the September 15, 2015, motor vehicle collision." Compl. at 7; see DIRECTV, 200 F. App'x at 258. Accordingly, the court GRANTS default judgment against Pandt-Brown.
Such default judgment, however, is without prejudice to Guemple's ability to defend himself in the declaratory judgment action. Guemple is "not bound by the default judgment" or the factual allegations deemed admitted in relation to Pandt-Brown. Rather, he has standing, "independent of" Pandt-Brown, "to defend [him]self in the declaratory judgment proceeding." Penn Am., 28 F. App'x at 257. Accordingly, he may "present [his] case against the insurer," including any evidence to controvert the factual determinations made in relation to Pandt-Brown. Id.; The Mary, 13 U.S. (9 Cranch) at 143. The court, therefore, PROCEEDS with the declaratory judgment action against Guemple.
The Clerk is DIRECTED to forward a copy of this Memorandum Order to the parties.
IT IS SO ORDERED.

According to Guemple, Pandt-Brown left the country at some point after Guemple served her with the complaint in the state court lawsuit. Guemple's Mem. Supp. Mot. Dismiss at 2, ECF No. 12. Specifically, Guemple states:
On June 21, 2016, Mr. Guemple filed a lawsuit against Ms. Pandt-Brown in Portsmouth Circuit Court for damages related to the collision. Service was effectuated upon her, and Plaintiff provided a defense for her in that action. Sometime thereafter, Ms. Pandt-Brown left the country and has not been located by the Plaintiff. The action proceeded without objection by the Plaintiff until it filed the instant action and followed up with a motion to continue the trial date in the underlying tort suit on September 26, 2017, some 15 months after the action was initiated. Given the Plaintiff's unwarranted delay, the [state] court in the tort action denied the motion and the ma[t]ter proceeded to trial. A jury verdict in favor of Mr. Guemple was entered in that matter in the amount of $1,600,000 on October 31, 2017.
Id.

Empire is an insurance company incorporated and having its principal place of business in Nebraska, and Pandt-Brown and Guemple are both residents of Virginia. Compl. ¶¶ 1-3. The amount in controversy is also more than $75, 000, as Guemple received a judgment of $1,600,000 in state court, the payment of which is at issue in this litigation.

Given that the accident occurred in the Eastern District of Virginia, a substantial part of the events, acts, or omissions giving rise to the asserted claims took place in this District.